Troegel vs. Judge.

---

## No. 11,477.

### ERNEST TROEGEL VS. FRED. D. KING, JUDGE.

The relator sues for peremptory writs of *certiorari* and *mandamus* under the super visory jurisdiction of this court.

The appeal was returnable to the Circuit Court of Appeals.

The Circuit Courts of Appeals are vested with authority to issue writs of *mandamu* prohibition and *certiorari* in aid of their appellate jurisdiction.

If the relator has a right to relief he must apply to the court in which the appeal is lodged, the only court having jurisdiction of the questions propounded in his application.

APPLICATION for *Certiorari* and *Mandamus*.

*A. B. Phillips* and *B. R. Forman* Attorneys for Relator:

Where there is a judgment for money against one defendant who does not appeal the other can not appeal suspensively without giving bond as required by C. P. 575, exceeding by one-half the amount of the judgment. The insurance company, the defendant, condemned to pay $1144.02, is not an officer of the court, nor is the money in the hands of the court, and the district judge has no authority to order a suspensive appeal on either defendant giving bond in a sum less than that required by law, and it was the duty of the district judge to rescind the illegal order and to issue execution. C. P. 575; Marshal vs. Grand Gulf Co., 5 An. 360; Montan vs. Whitley, 12 An. 175; State *ex rel.* Bankhead vs. Judge, 22 An. 35; Leblanc vs. Suc. Massieu, 27 An. 326; State *ex rel.* Cientat vs Judge, 32 An. 814; citing 4 An. 3; 5 An. 518; 21 An. 44, 55, 114; State *ex rel.* Gill vs. Judge, 34 An. 90; Demarest vs. Bierne, 36 An. 751.

---

*Respondent Judge* in *propria persona* cites:

Suc. of Clark, 30 An. 801; approvingly cited in Pasley vs. McConnell *et al.*, 38 An 470; State *ex rel.* Durand vs. Parish Judge, 30 An. 285, 286; Suc. of Edwards, 34 An. 219; Brewing Co. vs. Boebinger, 40 An. 278.

The opinion of the court was delivered by

BREAUX, J. The relator seeks, by the interposition of the writs of *certiorari* and *mandamus* to compel the respondent to rescind his order for a suspensive appeal.

The appeal was made suspensive on a bond for an amount sufficient to pay costs.

The record of appeal is now lodged, under the order of appeal issued by the respondent, in the clerk's office of the Court of Appeals.

The controversy involves an amount of eleven hundred and forty-four dollars, in the hands of the agent of the Manhattan Mutual Life Insurance Company.

The relator claimed to be the owner of that fund.

The testamentary executrix of the succession of August Bernau also claims the amount.

The insurance company is represented as being a mere stakeholder, with no interest save to obtain a valid and sufficient receipt.

The relator, plaintiff in injunction, sued out a restraining order to prevent the executrix from receiving the amount, and directing the agent of the insurance company not to hand over the amount in contest to the executrix.

He prayed for judgment making the injunction perpetual and recognizing him as owner of the amount.

There was judgment for plaintiff Troegel, and against the defendants, decreeing that plaintiff was entitled to the amount of the life policy, in New York exchange, in the sum before stated.

On application of the legal representative of the succession of August Bernau, for a suspensive appeal returnable to the Court of Appeals, respondent granted it, and fixed the bond at two hundred dollars.

The respondent returns that there was no moneyed judgment pronounced.

That in granting the appeal on that bond he was governed by the principles enunciated in Succession of Clark, 30 An. 801, approvingly cited in Pasly vs. McConnell *et al.*, 38 An. 470; State *ex rel.* Durand vs. Parish Judge, 30 An. 285; Succession of Edwards, 34 An. 219, and Brewing Company vs. Boebinger, 40 An. 278.

This court has no authority to make the writs sued for peremptory.

The amount is within the jurisdiction of the Court of Appeals, and the appeal is now before that court.

Troegel vs. Judge.

It has authority to issue writs of *mandamus*, prohibition and *certiorari* in aid of its appellate jurisdiction.

The question involved in this application for *certiorari* and *mandamus* relates to the requirement to perfect an appeal before that court.

The proceeding is within its control and jurisdiction.

That power was recently interpreted as exclusive.

It was determined that the Circuit Court of Appeals to which an appeal is granted is not only competent, but the only court having jurisdiction of such issues.

In the case of State *ex rel.* Sample vs. Judge, 43 An. 936, the complaint was, as in the case at bar, that the district judge should have required a bond for one-half exceeding the amount of the claim.

The relator applied to this court to compel the judge to rescind his order.

This court decided that the question, the amount involved being less than two thousand dollars, was not within its jurisdiction, and that the relator was without right to writs from this court in aid of the appellate jurisdiction of the Court of Appeals.

The court, in that case, refers to Arts. 95 and 104 of the Constitution as absolutely controlling in the matter involved.

The principles laid down in that decision are not assailed, and no argument advanced in the case at bar bears against their force and correctness.

The authority of that decision controls the case at bar.

It is similar in all important respects.

It is not possible to difference the two cases, in so far as relates to the proposition of law involved.

As in the case cited, the relator has no rights under the supervisory powers of this court, and if he has any rights, he must apply to the Court of Appeals in which the appeal is lodged.

The writ *nisi* issued in the case at bar is rescinded, and the application for writs of *certiorari* and *mandamus* is dismissed at relator's costs.