O'NIELL, J., dissents from the ruling that, after the state had indicted, tried, and convicted the defendant for the crime of manslaughter, and the conviction was set aside, and the case was remanded to and pending in the trial court, the state could indict him for murder for the same homicide.

---

(73 South. 262)

Nos. 21527, 22158, 22238.

NEELY v. TEXAS & P. RY. CO. (three cases).

In re TEXAS & P. RY. CO.

(Oct. 30, 1916. Rehearing Denied Dec. 11, 1916.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ⊸391(5) — APPEAL BOND—FILING NEW BOND—DELAY.

Under Act. No. 112 of 1916, requiring a second appeal bond to be filed within two days after notice of insufficiency of the first, appellant could not extend the time so prescribed, after its expiration, by taking a rule on appellee to show cause why appellant should not be allowed to file a second bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2082; Dec. Dig. ⊸391(5).]

2. APPEAL AND ERROR ⊸381—APPEAL BOND —SUFFICIENCY OF SURETY.

The surety on an appeal bond for $250, whose only property consists of furniture exempt from seizure and a bank account standing in the name of his daughter, is insufficient, though he claims to earn from $150 to $300 a month.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2029–2035; Dec. Dig. ⊸ 381.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Jeff D. Neely against the Texas & Pacific Railway Company. Judgment for defendant, and plaintiff appeals. Defendant appeals from ruling on sufficiency of surety, and brings certiorari. These matters were consolidated. Appellant's motion to have a second appeal bond supplement the first denied, judgment allowing the second bond to be filed annulled, and judgment denying rule to show cause why the surety should not be held insufficient and appeal dismissed set aside, and appeal dismissed.

Prowell & Prowell and Callan, Blanchard & Viosca, all of New Orleans, for plaintiff. Howe, Fenner, Spencer & Cocke and Esmond Phelps, all of New Orleans, for defendant Texas & P. Ry. Co.

PROVOSTY, J. [1] By Act 112, p. 241, of 1916 the appellant may give a second appeal bond where the sureties on the first are pecuniarily insufficient. But this must be done "within two days" after the adverse party has served upon him notice of such insufficiency.

Notice was thus served upon the appellant Jeff D. Neely, by means of a rule to test the sufficiency of the surety on his appeal bond, of which he accepted service on June 22, 1915; and the second bond which he gave, in an attempt to take advantage of the provisions of said act, was filed in September, 1915—evidently too late. His motion that said bond be allowed to stand in place of or supplement the bond given by him in his appeal must therefore be denied. Instead of filing this bond within the delay thus positively fixed, he took a rule upon the defendant to show cause why he should not be allowed to file it. But this rule was filed only in September, so that the two days' delay allowed for filing the bond had long expired when this rule was filed; not that we would intimate that the pendency of the rule could have suspended the course of the two days' delay allowed for filing the bond.

The first above numbered suit is the appeal in the main suit. The second is an appeal taken by the Texas & Pacific Railway Company from the judgment on the rule to

test the sufficiency of the surety; the trial court having held the surety to be sufficient. The third above numbered suit is a certiorari sued out in this court by the Texas & Pacific Railway Company to review the action of the trial court in allowing the said second bond to be filed; the trial court having refused to grant an appeal from its order allowing said second bond to be filed. This certiorari involves precisely the same matter as the motion hereinabove disposed of, and is therefore disposed of by what has been there said.

These matters have been consolidated with the main appeal. The matter therefore now to be considered is as to whether this main appeal should not be dismissed because of insufficiency of the surety.

[2] The bond is for $250. The surety buys and sells cattle on his own account and as agent for others at the stockyards. He has a desk in the office of one of the companies doing business there. His only property consists of furniture not liable to seizure, a bank account which he says is his, but which stands in the name of his daughter, showing a credit balance of $200. The money to be used in his business he borrows as needed. He earns, he says, from $150 to $300 a month. Upon this showing we do not see that this bond could be made good by the seizure and sale of the property of this surety, and therefore conclude that he is insufficient, and that the appeal must be dismissed.

The motion to have the second bond supplement the first is denied, the judgment allowing this second bond to be filed is annulled, the judgment denying the rule to show cause why the surety on the appeal bond should not be held to be insufficient and the appeal dismissed is set aside, and the appeal in this case is dismissed, all at the cost of the plaintiff, Jeff D. Neely.