(105 So. 57)

No. 26521.

**SHREVEPORT LONG LEAF LUMBER CO. v. HOLLINGSWORTH· et al.**

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**Appeal and error** ⬥⇒391(5)—**Appealing party, not furnishing additional surety on appeal bond within two days after service of notice, could not do so thereafter.**

Where appellee served on appellant notice of intention to test sufficiency of surety on appeal bond, and appellant failed to furnish additional sureties under section 2, Act No. 112 of 1916, within two days after service of such notice, as required by section 3, the' additional sureties, furnished by appellant thereafter, were furnished too late, and, the original surety being insolvent, the appeal must be dismissed.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by the Shreveport Long Leaf Lumber Company against Lizzie L. Hollingsworth and another. From a judgment for plaintiff the named defendant appeals. On motion to dismiss. Appeal dismissed.

T. H. McGregor, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellee.

OVERTON, J. Plaintiff obtained judgment against defendants in the district court for the parish of Caddo. Miss Lizzie L. Hollingsworth, one of the defendants, appealed from the judgment rendered, and furnished as surety on.her appeal bond her codefendant, J. J. Hollingsworth, the bond bearing date January 17, 1924. On January 28, 1924, plaintiff caused notice to be served on Miss Hollingsworth, the appellant herein, to the effect that it questioned the pecuniary sufficiency of the surety furnished by her, and that it would test, as provided in Act 112 of 1916, the sufficiency of said surety. On February 1, 1924, plaintiff filed a rule against Miss Hollingsworth, in which it alleged that the surety on said appeal bond was notoriously insolvent, and had no property subject to execution, and prayed that the surety be declared insufficient, and that the order of appeal be vacated. The trial judge ordered Miss Hollingsworth to show cause on February 14, 1924, why the relief prayed for by plaintiff should not. be granted. Miss Hollingsworth appeared .and filed an answer to the rule, in which she avers that the surety complained of has been long since supplemented by two other sureties, to wit, Mrs.

Roach and Mr. Kelly, who were furnished after the rule was filed. The rule was tried some time after it was filed. The trial judge found that the surety was insolvent, and made the rule absolute. Since the rendition of judgment on the rule, plaintiff has appeared in this court, presented the proceedings had on the rule in the lower court, and has moved for an order dismissing the appeal. Miss Hollingsworth has made no appearance whatever in response to the motion.

The evidence adduced on the trial of the rule shows that J. J. Hollingsworth was insolvent when he signed as surety, and was so at the time of the trial. It also shows that, after the notice of intention to test the sufficiency of J. J. Hollingsworth, as surety, was served on Miss Hollingsworth, Mrs. Roach signed the appeal bond as surety. It also appears that an additional bond, with F. M. Kelly as surety, who is the remaining surety, mentioned by Miss Hollingsworth in her answer to the rule, was furnished on February 12, 1924, 14 days after the notice of intention was served.

The date on which Mrs. Roach became surety on the bond does not appear, for Mrs. Roach signed the original bond, instead of a new one, and hence, on the face of the bond, it incorrectly appears, though we assume unintentionally so, as if she signed the bond when J. J. Hollingsworth signed it—that is, before it was filed. However, in her answer to the rule, Miss Hollingsworth says that Mrs. Roach signed the bond after the rule was filed.

Hence, as Mrs. Roach did not sign as surety until after the rule was filed, and as the notice of intention to test the sufficiency of J. J. Hollingsworth as surety on the bond was served on January 28, 1924, and as the rule to test his sufficiency was filed on February 1, 1924, it appears that more than two full legal days intervened between the service of the notice of intention and the furnishing of the bond with Mrs. Roach as surety thereon; and, as the additional bond, with Kelly as surety, was not filed until 14 days after the service of the notice of intention, it is obvious that more than two full legal days intervened between the furnishing of that bond and the service of the notice of intention.

The proceedings herein were had, in part, under Act 112 of 1916. Section 2 of the act grants to litigants the right to correct errors, omissions, and insufficiencies in bonds, furnished in connection with any judicial proceeding, and the right conferred is regulated, in large part, by section 3 of the act, which reads as follows:

"That the right to furnish such new, or such supplemental or additional bond shall be exercised as follows: The party desiring to furnish such new, or such supplemental or additional bond shall have the right so to do at any time prior to judgment; if the adverse party, or any other party in interest shall cause to be served upon him through the proper officer for service, a notice that such adverse party, or the party in interest, claims that a bond furnished in the proceeding to which he is a party or in which he has an interest, is insufficient either as to form or substance, or of the solvency, or because of the pecuniary insufficiency of the surety or sureties thereon, the said party who has furnished such bond shall have the right within two days, exclusive of Sundays, legal holidays and half holidays, to furnish the new bond, or supplemental bond or additional bond above referred to. If he shall fail to furnish same, the case shall then proceed without any diminution of the right of the adverse party, or other party in interest, to test the sufficiency of the bond furnished whether as to the amount of [or] form thereof, or the solvency of the surety or sureties thereon."

The two days mentioned in the section quoted above, granted to litigants, within which to correct errors, omissions, and insufficiencies in bonds, whether as to form or substance, or as to the solvency or pecuniary insufficiency of the surety, after notice of the defect is given by the opposite party, runs from the service of the notice, advising the

litigant, who furnished the bond, of the defect, which it is claimed exists. Within those two days the litigant, who furnished the bond, may correct the error, omission, or insufficiency therein, by furnishing a new, supplemental, or additional bond, but if he should fail to attempt to remedy, within that time, the error or insufficiency in the bond, by furnishing a new, additional, or supplemental bond, he cannot do so thereafter. Neely v. Texas & Pacific Railway Co., 140 La. 445, 73 So. 262. See, also, Tremont Lumber Co. v. May, 143 La. 389, 416, 78 So. 650; Hurry v. Hurry, 144 La. 877, 81 So. 378.

As Miss Hollingsworth did not furnish Mrs. Roach and Mr. Kelly as additional sureties until after the expiration of two full legal days from the service of notice upon her, the furnishing of them, as such, came too late; and, as J. J. Hollingsworth, the original surety, is insufficient, because, if for no other reason, he is insolvent, the appeal should be dismissed.

Plaintiff is clearly entitled to the order for which it prays, dismissing the appeal. Dumas v. Mary, 29 La. Ann. 808; Baker v. Shultz, 35 La. Ann. 524.

For the reasons assigned, the appeal herein is dismissed, the appellant to pay the costs.