### No. 10,273.
### Orleans

## WESLEY M. E. CHURCH v. TOM TAYLOR

(Oct. 19, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 307.**

An ordinary suspensive appeal bond as provided by Code of Practice Articles 575, 1131, rather than one under Revised Statutes 2157, covering "all such damages as appellee may sustain", will not suspend the execution of a judgment ousting a lessee who appeals therefrom. Procedure under Act 112 of 1916 will not avail such appellant as a means of correcting such omissions or insufficiency in a bond.

Petition for writ of Mandamus, Hon. William A. Bahns, Division "A", First City Court.

This is a mandamus on the Hon. Wm. A. Bahns, Division "A", First Court to require him to grant the appellant a suspensive appeal from a judgment of eviction. Writs recalled and suspensive appeal denied.

Joseph Rosenberg, of New Orleans, attorney for relator.

## OPINION.

BELL, J. By judgment rendered September 11, 1925, in the possession suit of Wesley M. E. Church vs. Tom Taylor, No. 130,716 of the Docket of the First City Court of New Orleans, the defendant (relator herein) was ordered to vacate and deliver unto the Wesley M. E. Church, property known as No. 527 South Liberty Street. In said proceeding, Taylor filed a special and duly verified defense to the possession suit, all in conformity with R. S. Sec. 2157, as in such cases provided. On the same day upon which the aforesaid judgment was rendered, and therefore within twenty-four hours of its rendition, as provided by R. S. Sec. 2155, Taylor applied for and was granted a suspensive appeal to this Court, and furnished forthwith an ordinary appeal bond in the sum of One Hundred Dollars, the amount of said bond being fixed by the trial judge, who is made respondent herein.

On September 16, 1925, five days before the return day for appeal, counsel for plaintiff and appellee filed a motion and immediately obtained an order from respondent Judge rescinding the previous order of September 11, 1925, whereby relator had been granted a suspensive appeal. The motion to rescind was predicated upon the averment that the appeal bond was not such as was required by law (R. S. 2157), inasmuch as it did not stipulate nor was the appeal as granted conditioned upon appellant's giving "bond with good sufficient security for all such damages as the appellee may (might) sustain".

Relator avers, in the proceedings now before this Court, that he was not given any notice whatever of the insufficiency in the bond as above noted, and that under Act 112 of 1916 he was entitled to such notice and to an opportunity, within the delays prescribed by the Act, to furnish a new and proper bond or to correct and supply any inaccuracies or omissions in his original bond. It is further averred that only on the last day, that is, the return day for lodging his appeal, he was apprised for the first time that the court a qua had rescinded the order granting him a suspensive appeal; that he immediately moved the court for leave to correct the bond so as to conform with the law as in such cases provided; but that the court denied him such relief and also refused to recall the order of September 16, 1925. Thereupon, relator applied for writs of certiorari, prohibition and mandamus from this Court. An order was accordingly issued, returnable October 5, 1925, and in response to relator's demands the respondent Judge of the First City Court shows the facts to be substantially as hereinabove recited; and, further answering, respondent contends:

First. That no solvent or proper appeal bond as required by law was ever furnished by relator in the aforesaid possession suit.

Second. That Act 112 of 1916—under which relator now contends he should have been permitted to supply proper bond—fails to disclose anything which affects the issues herein presented.

Third. That respondent had an absolute right on the application of the plaintiff in the possession suit to rescind the order of appeal which respondent had granted, for the reason that relator had not furnished bond within twenty-four hours, as required by the Revised Statutes, Section 2157.

Considering these contentions in the order noted, we find from the record before us that neither the solvency of the sureties upon the appeal bond nor insufficiency of the bond in amount as fixed by the trial judge was ever challenged. The sole objection to the bond, as appears from appellee's motion to rescind, was that it did not bind or obligate the principal or

sureties on said bond to indemnify appellee for all such damages as appellee might sustain because of such appeal. The bond, on its face, is shown to be insufficient in this respect and contrary to the provisions of Revised Statutes, Section 2157, relative to appeals from judgments restoring the possession to lessors of their leased property.

Relator admits the insufficiency of his bond to the extent that he has failed to furnish such appeal bond as is required by the aforesaid section of the Revised Statutes.

Respondent's second contention, regarding the inapplicability of Act 112 of 1916 to the facts or issues now before us, seem amply supported by the opinion rendered in Doullut vs. Rush, 142 La. 443, 460, 77 South. 110, 116; also Doullut vs. Rush, 144 La. 479, 80 South. 665. In the above cited cases, ejectment proceedings were brought against defendant as lessees of certain property, who urged, in special defense, that the contract sued upon was not one of lease but of sale. From an adverse judgment condemning the defendants to pay accrued rents and to vacate the property, a suspensive appeal was taken to the Supreme Court, and an ordinary appeal bond, not one as required by Revised Statutes, 2157, was furnished. Plaintiffs thereupon moved in the trial court that the appeal be set aside, insofar as it purported to operate suspensively. This motion being denied, plaintiffs thereupon made application to the Supreme Court for writs of certiorari and prohibition, which were duly granted, the court ordering that the appeal, insofar as it purported to suspend execution of the judgment appealed from, should be dismissed, and that the respondent Judge should be directed to cause the sheriff to proceed with the execution of said judgment. We quote in part from the opinion of the court:

"Our conclusion, as to the matters thus considered, is that defendants were, and are, not entitled to the suspensive appeal which has been granted them, for the reason that the exception and answer filed by them do not constitute the special defense required by R. S. 2157, in that the allegations of fact therein contained were not susceptible of proof (the evidence being inadmissible) and that the oath by which those allegations were supported did not, and could not, truthfully have set forth that the facts alleged entitled defendants to retain possession of the premises in question. Another reason, supporting the conclusion stated, is that the condition of the bond given by defendants reads 'shall satisfy whatever judgment shall be rendered against them', etc., whereas Section 2157, R. S., declares that:

"'No appeal from any such judgment shall suspend execution unless the defendant * * * give bond, with good and sufficient security for all such damages as the appellee may sustain.'

"In the instant case, the bond was given in the form prescribed by Article 579 of the Code of Practice, with a condition having no application to the judgment sought to be appealed from; whereas, it should have been given in the form prescribed by R. S. 2157, which declares that no appeal shall suspend the execution of such judgment unless the bond be given in that form.

"Our examination of Act No. 112 of 1916, p. 241, fails to disclose anything which affects the issue here presented."

In Audobon Hotel Company vs. Braunig, et al., 119 La. 1070, a similar defective bond was given, as in the present case. The Supreme Court, in that case, upon refusing to set aside the ruling of the trial court which had dismissed the appeal because of defective bond, said:

"* * *; and, finally, that if the other condition had existed, they failed to comply with the condition precedent to the taking effect of even a valid and competent order of appeal, by failing altogether o give the bond required by law, and necessarily contemplated by such order."

It is true that the ruling in the Audobon Hotel case was rendered prior to Act

112 of 1916, but we find it quoted with approval in the case of Doullut vs. Rush.

The third contention of respondent, to the effect that relator failed to furnish the appeal bond within twenty-four hours from the rendition of the judgment appealed from, is not borne out by the record. This fact, if true, would be of no consequence, for the reason that we are constrained to hold that the appeal bond furnished in this case was of no effect.

Relator urges our adherence to the ruling made by this Court in Onorato vs. Sanchez, 14 Orl. App., 319, in which it was held:

"Under the provisions of Act 112 of 1916, any error or omission in a judicial bond, or deficiency in form or substance, or in the amount thereof, or the solvency of the surety thereon, may be corrected within two days after notice given to the party furnishing such bond; and this is broad enough to allow a correction in any case where there has been a bona fide attempt to furnish a bond and surety according to law."

The clear purpose of the legislative enactment of 1916 was given to every litigant in any suit brought within any of the courts of this State the absolute right, after notice and after stipulated delays to correct any error either as to form or substance in the giving of any bond incident to appeals. The appellant's day in court was thus assured to him in respect to such interlocutory procedure. Our appreciation of the Statute was as we attempted to express it in Onorato vs. Sanchez, decided April 16, 1917. However, our learned brothers of the Supreme Court, in Doullut vs. Rush, decided October 29, 1917, have given the statute a more restricted interpretation, certainly as to suspensive appeal bonds, which may be furnished in ejectment proceedings, and we, accordingly, adjust our former views to conform with the ruling there made.

For these reasons, the writs herein issued are recalled, and the relief prayed for by relator is denied at his cost.