ARONOWITZ v. DULITZ

(March 29, 1926. Opinion and Decree.)
(April 26, 1926. Rehearing Refused.)
(June 1, 1926. Writ of Certiorari and Review Denied by Supreme Court.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 318, 326.**

The purpose of Act 112 of 1916 is to afford an opportunity to appellant within two days, exclusive of Sundays, holidays and half-holidays, following notice by the appellee of a claimed defect in the appeal bond, to correct the same. The fact that the notice takes the form of a rule to dismiss the appeal and such rule is pending does not interrupt the running of the two days allowed by the act. Nor does the fact that the trial court dismisses the rule to dismiss the appeal extend the time until two days after such judgment is reversed on appeal.

2. **Louisiana Digest—Appeal—Par. 325.**

One who elects to stand upon the bond as originally given and fails to correct the same within two days after notice required by the act is given him cannot complain if he is found to be in error and his appeal dismissed.

3. **Louisiana Digest—Appeal—Par. 301.**

A bond, insufficient for a suspensive appeal, will support a devolutive appeal when obviously sufficient to cover costs.

Appeal from the Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by David Aronowitz against Louis Dulitz.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and suspensive appeal dismissed.

Leon Levitan, of New Orleans, attorney for plaintiff, appellant.

H. W. Kaiser, of New Orleans, attorney for defendant, appellee.

OPINION

WESTERFIELD, J. Plaintiff appeals suspensively from a judgment denying a motion to dismiss a suspensive appeal upon the ground that the appeal bond was insufficient in amount. Plaintiff also filed a motion to dismiss the appeal in this court.

Judgment was rendered in plaintiff's favor in the sum of $700.00 with legal interest from judicial demand and 10% attorney's fees upon the aggregate of principal and interest and in fixing the amount of the suspensive appeal bond. The court a qua named the sum of $1000.00.

Plaintiff promptly moved to dismiss the appeal upon the ground that the surety was irresponsible and the amount of the bond insufficient. This rule, after hearing, was dismissed by the trial judge on November 6, 1925, and on November 17 a suspensive appeal was taken from this judgment. The transcript of appeal was lodged in this court on February 9, 1926, and two days thereafter defendant secured an order from the trial court permitting him to file a new appeal bond in the sum of $1500.00 in lieu of the bond he had heretofore filed for $1000.00.

Counsel for defendant concedes that his original bond in the sum of $1000.00 was insufficient and consequently that the judgment appealed from is erroneous. But he claims that he has two days after "a decree of a competent court declaring the bond furnished insufficient and the surety

thereon insolvent" for the filing of a new or supplemental bond.

The law is to be found in Act 112 of 1916:

"By Act 112, p. 241, of 1916, the appellant may give a second bond where the sureties on the first are pecuniarily insufficient. But this must be done within two days after the adverse party has served upon him notice of such insufficiency." Neely vs. T. & P. R. R. Co., 140 La. 446, 73 South. 262.

Section 3 of the Act referred to is in part as follows:

"The party desiring to furnish such new or such supplemental or additional bonds shall have the right to do so at any time prior to judgment; if the adverse party or any other party in interest shall cause to be served upon him through the proper officer for service a notice that such adverse party in interest claims that a bond furnished in the proceedings to which he is a party or in which he has an interest is insufficient as to form or substance or of the solvency, or because of pecuniary insufficiency of the surety or sureties thereon, the said party who has furnished such bond shall have the right within two days, exclusive of Sundays, legal holidays and half-holidays, to furnish a new bond or supplemental bond, or additional bond, above referred to. If he shall fail to furnish same, the case shall then proceed without any diminution of the right of the adverse party, or other party in interest, to test the sufficiency of the bond furnished, whether as to the amount of form thereof, of the solvency of the surety or sureties thereon."

In the case at bar the notice was given defendant by plaintiff's rule to show cause why his appeal should not be dismissed and applying the provisions of the Act of 1916, he had two days, exclusive of holidays and half-holidays, thereafter to supplement the bond he now admits to be deficient. He did not attempt to make good the deficiency in any way until after the transcript of appeal we are now considering was lodged in this court, or more than three months after receipt of the notice. It is argued that since the judge a qua refused to dismiss the appeal, it was not defendant's province nor his obligation to consider the correctness of this ruling by voluntarily supplementing a bond the court held to be sufficient and that until this court reverses the judgment appealed from or, what is more, until the finality of our judgment or that of the Supreme Court should see fit to review our findings and for two days thereafter no additional bond can be required of defendant, though it is freely admitted the bond · is, as a matter of fact, insufficient.

This is not our understanding of the law, nor does this interpretation accord with the purpose of its enactment. Act 112 of 1916 was passed shortly following the decision of the Supreme Court in Pelletier vs. State National Bank, 112 La. 562, 36 South. 592, where a suspensive appeal was dismissed because of a deficiency of $32.91 in an appeal bond of $15,000.00.

The act was intended to prevent a recurrence of what happened in the Pelletier case by giving the appellant an opportunity for two days following a notice by his adversary of the insufficiency complained of to correct the same. Prior to the adoption of Act 112 of 1916, no notice was required, and in furnishing an appeal bond the litigant had to calculate properly the bond required or suffer the dismissal of his appeal. He had no chance to correct his errors and opposing counsel were under no obligation to call his attention to such error.

In electing to stand upon the bond of $1000.00, as originally furnished, defendant in effect says that he is satisfied he has made no mistake and will stand or fall upon the correctness of his decision

in that regard. The judge a qua in dismissing the rule to dismiss the appeal held that defendant could stand. We are of opinion that he must fall. No inequity results from the fact that the trial court was in error, for when his judgment was rendered the two days allowed by Act of 1916 had already elapsed and defendant had concluded to take the chance that in determining to "stand pat" he was right. In other words, the pendency of the rule to show cause why the appeal should not be dismissed did not interrupt the running of the two days given defendant for reflection upon the solvency and sufficiency of his appeal bond. The law only contemplates this short notice to give an appellant the last opportunity to correct his bond, if a mistake has been made, or claimed. It requires the appellee to give the notice to prevent snap judgment when the appellee is powerless to protect himself from his mistake.

In the Neely case (supra), the court, in speaking of Neely's failure to correct his appeal bond, in the legal delay, said:

"Notice was thus served upon the appellant, Jeff D. Neely, by means of a rule to test the sufficiency of the surety on his appeal bond, of which he accepted service on June 22, 1915; and the second bond which he gave in an attempt to take advantage of the provisions of said act was filed in September, 1925, evidently too late. His motion that said bond be allowed to stand in place of or supplement the bond given by him in his appeal, must, therefore, be denied. Instead of filing this bond within the delay thus positively fixed, he took a rule upon the defendant to show cause why he should not be allowed to file it. But this rule was filed only in September, so that the two days allowed for filing the bond had long expired when this rule was filed; not that we would intimate that the pendency of the rule could have suspended the course of the two days' delay allowed for filing the bond."

The facts in the instant case are quite similar to those involved in the Neely case, which is controlling of the present issue. But under familiar jurisprudence too well settled for citation, the appeal is good as a devolutive appeal.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the appeal taken by the defendant, Louis Dulitz, from the judgment of October 30, 1925, be dismissed as suspensive and maintained as devolutive.

BELL, J. I respectfully dissent.