CITIZENS DISCOUNT & INVESTMENT CO., INC. v. MICHON AND LATERRIERE

---

(December 12, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 320.**
   Under Section 3 of Act 112 of 1916 new appeal bonds must be given within two days after adverse party has

served upon appellant notice of insufficiency of original appeal bonds.

Appeal from the Civil District Court, Division "A". Hon. Hugh C. Cage, Judge.

Action by Citizens Discount & Investment Co., Inc., against William J. Michon and Chas. A. Laterriere.

There was judgment for plaintiff and defendant appealed.

Petition for writs of certiorari and prohibition denied.

Edwin F. Marx, of New Orleans, attorney for plaintiff, appellee.

J. T. Prowell, of New Orleans, attorney for defendant, appellant.

JONES, J.  This matter comes before us on a petition for writs of certiorari and prohibition directed to the judge of the Civil District Court, Divison "A", and to plaintiff prohibiting the execution of the judgment originally obtained in this proceeding.

The petition recited that a final judgment had /been rendered by the judge of Division "A", Civil District Court, on May 30th and signed on June 6th, 1927, in favor of plaintiff and against defendant in the sum of five hundred forty-one and 00-100 ($541.00) dollars with eight per cent on nine hundred ten and 00-100 ($910.00) dollars from October 28th, 1921, to April 17th, 1922, and eight per cent interest on five hundred forty-one and 00-100 ($541.00) dollars from April 17th, 1922, until paid, and all costs.

That within legal delays suspensive and devolutive appeals were obtained and bonds filed.

That on June 21st, 1927, plaintiffs filed a rule calling upon relators to show cause on June 24th at ten o'clock why the appeals should not be dismissed on the ground that surety was insolvent and insufficient and that the bonds were insufficient in form and did not comply with the law; that the order on this rule was never signed by the judge.

That on July 18th, 1927, defendants furnished new appeal bonds as required by Act 111 of 1916.

That rule was tried on July 22nd over objection of relators on the ground that the order fixing the rule to show cause had not been signed by the judge and on the ground that new bonds had been filed in accordance with Act 112 of 1916.

That notwithstanding these objections the trial judge dismissed the appeals.

That they applied for appeals from this order of dismissal, but applications were refused by the trial judge.

The record confirms all above allegations, but the last.  It contains no application for appeals from order of dismissal.

It further shows the service was made by civil sheriff on defendants through their attorneys of rule to show cause why appeals should not be dismissed on June 21st, 1927, and that the judge denied the filing of the new appeal bonds on the ground that they came too late, having been tendered more than two days after notice to test the bonds and surety was served.

We concur in this ruling of the trial judge for Section 3 of Act 112 of 1916 provides that the new bonds must be furnished within two days, exclusive of Sundays, legal holidays and half holidays from service of notice of insufficiency of bonds.

It is evident on the face of the papers that the additional bonds were not filed until nearly a month after the rule to test

bonds was filed, and the return of the sheriff on the rule shows it was served on the same day.

There is no merit in the contention that the notice to test sufficiency of surety and validity of bond was invalid, because the order to show cause was not signed by the judge. Section 3 of Act 112 of 1916 requires that notice be served through the proper office for service and the record in this case shows that such a notice was served on June 21st, 1927.

In Neely vs. Texas & Pacific Railway Co.; 140 La. 445, 73 So. 262, the Supreme Court said:

"By act 112 of 1916 the appellant may give a second appeal bond where the sureties on the first are pecuniarily insufficient, but this must be done 'within two days' after the adverse party has served upon him notice of such insufficiency.

"Notice was thus served upon appellant Neely by means of a rule to test the sufficiency of the surety on his appeal bond of which he accepted service on June 22nd, 1915, and the second bond which he gave, in an attempt to take advantage of the provisions of said act, was filed in September, 1915, evidently too late."

On this point see also:

Hurry vs. Hurry, 144 La. 877, 81 So. 378;

Onorato vs. Sanchez, 14 Orl. App. 319;

Citizens Bank vs. Hudson, 5 La. App. 194;

Wesley M. E. Church vs. Tom Taylor, 3 La. App. 20;

Rousseau vs. T. & P. Ry. Co., 2 La. App. 279;

Creston Lr. Co. vs. Cockerham et als., 2 La. App. 30;

Montgomery vs. New Roads Oil Mill, 2 La. App. 580.

For above reasons the petition is denied.