### KOSHLAND v. JONES

(June 27, 1928. Opinion and Decree.)

Brittingham and Tiser, of New Orleans, attorneys for relator.

H. W. Kaiser, of New Orleans, attorney for respondent.

CLAIBORNE, J. The decision of the Supreme Court in the case of Trogell vs. King, 46 La. Ann. 421, 15 So. 410, has satisfied us that we erred in our original opinion.

The defendants are the lessees of the plaintiffs; they failed to pay the rent due May 1, 1928; in the suit No. 174,887 of the Civil District Court judgment was rendered May 28, 1928, under Act 55 of 1926, page 68, ordering the said defendants to deliver to the plaintiffs the possession of the leased premises; that the defendants obtained an order for a suspensive appeal from said judgment; that they filed a bond in the ordinary form conditioned "to satisfy whatever judgment may be rendered against them on appeal"; that it was decided by this Court in Wesley vs. Taylor, 3 La. App. 20, and in Doullut vs. Rusch, 142 La. 443, 77 So. 110, that the appellant from a judgment of eviction shall give bond "for all such damages as the appellee may sustain"; that a written application was made to Judge Skinner pointing out that the defendants had no suspensive appeal from said judgment and that the same should be executed; that the Judge dismissed the application; that plaintiffs are entitled to execute the judgment of possession. Wherefore they pray for writs of mandamus, certiorari and prohibition, commanding the said Judge to set aside his order of suspensive appeal and to order the execution of his judgment of eviction.

The Judge answered that the relators had mistaken their remedy; that a manda-

mus would not lie; that relator's remedy was either by appeal from the judgment refusing to dismiss the appeal and to execute the judgment, or by motion in this Court to dismiss the appeal; and that the bond furnished is such as described by plaintiff but sufficient under the law. Section R. S. 2157 provides that:

"No appeal from any such judgment shall suspend execution unless the defendant * * * give bond with good and sufficient security, for all such damages as the appellee may sustain."

In State ex rel. Werlein vs. Judge, 110 La. 1042, 35 So. 282, the Court decided that Section R. S. 2157 and not Article C. P. 577 governed in the matter of appeal bonds in ejectment judgments. Affirming Lamouraine vs. Judge, 45 La. Ann. 1316, 14 So. 232.

In Audubon Hotel vs. Braunig, 119 La. 1074, 44 So. 891, the Court affirmed that decision and said:

"The requirements of that law are not complied with by furnishing an ordinary appeal bond. An order of appeal does not divest the trial Court of jurisdiction where no such bond is furnished."

Affirmed in Doullut vs. Rush, 142 La. 443 (452), 77 So. 110.

These decisions have been followed by this Court in Langa vs. Baradat, 7 Orl. App. 447, and Wesley vs. Taylor, 3 La. App. 21.

It is perfectly evident therefore that the bond furnished by the defendant was not the one prescribed by law and was tantamount to no bond at all, not even a conventional bond. Doullut vs. Rush, 142 La. 456, 77 So. 110.

To sustain an appeal the bond required by law must be furnished or the appeal must fall and the judgment must be executed.

Our original opinion was based upon our own opinion in State ex rel. Majendie vs.

Constable, City Court, 1 La. App. 139, and upon the opinion of the Supreme Court in Riccabona vs. Kearney, 164 La. 844, 114 So. 707.

Our attention had not been directed to the case of Troegel vs. King, 46 La. Ann. 421, and Sample vs. Judge, 43 La. Ann. 936. Those decisions meet our own views as to what should be the law and we follow them without hesitation. The case of State ex rel. City, 4 Orl. App. 167, presents different facts, and if not, is in conflict with State vs. Murphy, 46 La. Ann. 421, 14 So. 920, and Doullut vs. Rush, 142 La. 443.

It is therefore ordered that our previous decree be revoked and set aside; and it is now ordered that the appeal herein in so far as purports to be suspensive be dismissed and set aside; and that relator herein be permitted to execute the judgment of eviction.

Mandamus peremptory.