peal for the Second Circuit, Odom, J., decided thus: "Where service on garnishee was made on July 29, garnishee having ten full days in which to answer and the last day not being a legal holiday, his delay for answering expired at close of August 8." August 8 was the tenth day after July 29. We observe also that in Hotard v. Consolidated Companies, 14 La. App. 670, 130 So. 662, the Court of Appeal for the Parish of Orleans, referring expressly to article 318 of the Code of Practice, held: "The transcript, not having been lodged within the three days, but on the fourth day, came too late, and the appeal should therefore be dismissed."

Our conclusion is that the appeal in this case was not taken in time to stay execution of the judgment appealed from.

It is adjudged that the appeal in this case does not stay execution of the judgment appealed from, but is a valid devolutive appeal. The motion to dismiss the appeal is therefore overruled.

ST. PAUL, J., dissents.

within the required time. When the first appeal bond was filed, appellee, by rule, questioned the adequacy of the surety. The court, holding that the surety was not sufficient, ordered a new bond to be filed within four days, as prescribed by Act No. 284 of 1928, which is amendatory of section 3 of Act No. 112 of 1916. The judgment ordering the new bond to be filed was signed on October 17, 1933. The new bond was furnished on October 24, 1933, which was more than four judicial days after the order requiring it. Kelly, Weber & Co., Inc., v. F. D. Harvey & Co., Inc., et al. (La. Sup.) 151 So. 201, decided October 30, 1933; Shreveport Long Leaf Lumber Co. v. Hollingsworth et al., 158 La. 1041, 105 So. 57; Aronowitz v. Dulitz, 4 La. App. 547; Schmidt v. Vasquez (1922, unreported) No. 8497 Orleans App. [see Louisiana and Southern Digest].

The motion to dismiss the appeal is maintained, and the appeal is dismissed.

Appeal dismissed.

PER CURIAM.

This matter comes before us on motion to dismiss the appeal because of the failure of the appellant to file proper appeal bond