McBRIDE, Judge.
Certiorari having been granted herein, the record in the case is before us, which shows that the administrators of this succession, one of whom is the purchaser of certain realty from the succession, brought a rule to eject the occupant therefrom, and the said occupant was ordered to show cause on May 22, 1961, why she should not be condemned to vacate the premises, or in the event of her failure to do so why a writ of possession should not issue; on the return day of the rule the occupant filed a sworn answer setting up certain defenses, and the case having been submitted, the court, on the same day, rendered and signed judgment in favor of plaintiffs in rule making it absolute and ordering the tenant to vacate within twenty-four hours. However, the judgment recited it was not to be executory until May 26, 1961.
The judge below who rendered the judgment being absent from the city on May 26, 1961, the occupant attempted to take a suspensive appeal from said judgment of eviction by motion presented to another judge of the court who granted the appeal conditioned upon the posting of a $2,-000 appeal bond, the appeal being made returnable on July 21, 1961. The appeal bond was filed the same day the motion was granted. On June 2, 1961, the plaintiffs in rule brought proceedings in the trial court looking toward the dismissal of the appeal on the ground that it had been taken more than twenty-four hours after the rendition of the judgment of eviction, praying that execution be ordered on the judgment of eviction. After hearing such rule to dismiss the appeal, the trial judge made the same absolute, dismissed the appeal in toto, and ordered execution of the judgment of eviction.
Whereupon, steps were taken to evict the occupant, and after the Civil Sheriff had removed some of her belongings from the premises in question, she applied to this court for writs of certiorari, prohibition and mandamus which we granted.
The appeal did riot operate to suspend the execution of the judgment of eviction because it was taken and the appeal bond was furnished after the time allowed by law for taking a suspensive appeal had elapsed. Art. 4735, LSA-C.C.P., plainly states an appeal does not suspend execution of such judgment unless the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. Counsel for relator concede that by the terms of the statute the suspensive appeal must have *673 been applied for and the bond filed within twenty-four hours, but they seek to justify their tardiness in applying for the appeal by stating that the trial judge verbally assured them that whereas the judgment was not executory until May 26, 1961, the delay for the taking of a suspensive appeal would not commence to run until that date. We do not know whether his honor below ever made such assertion to counsel, but even if he did, the appeal is- not saved for we know of no law which grants the trial judge a right to enlarge the time permitted by statute for taking an appeal.
The appeal not being suspensive in nature could not have had the effect of preventing the trial judge from ordering execution on the judgment of eviction. It is argued that the trial judge had not the right to issue execution for the reason that once the appeal was granted he was divested of all jurisdiction in the case except to tax the cost incurred in the trial court, or to test the solvency of the surety on the appeal bond, or to consider objections to the form, substance, or sufficiency of the appeal bond and to permit the curing thereof in accordance with the pertinent provisions of law. According to Art. 2088, LSA-C.C. P., when an appeal is taken, the trial judge shall be divested of jurisdiction, except in the instances stated above, upon the timely filing of the appeal bond in the trial court. The appeal bond in this case was not timely filed, as has been stated above, and, therefore, the trial judge was never divested of jurisdiction to issue execution on the judgment.
In Audubon Hotel Co., Limited v. Braunig, 119 La. 1070, 44 So. 891, the Supreme Court held that where no suspensive appeal lies, the judge a quo was without authority to make an order granting such appeal, and did not, and could not, by such order, divest himself of jurisdiction to order the execution of the judgment of ejectment. In Koshland v. Jones, 9 La.App. 65, 118 So. 843, the late Court of Appeal for the Parish of Orleans held that no appeal from a judgment of possession of leased premises shall suspend the execution of the judgment unless a bond be furnished in accordance with law.
 It is true that the relator labeled her appeal “suspensive,” but no matter what kind of appeal it is stated to be, the law determines its nature. The character and amount of the bond and the time at which it is filed determine the character of the appeal. Doll v. Dearie, La.App., 37 So.2d 61. We think our brother below erred in dismissing the appeal entirely. We say this for the reason the appeal should be maintained as devolutive. Our predecessors held that when a bond is not filed as required by law to support a suspensive appeal from a judgment of eviction, the appeal may serve as devolutive. See Lauga v. Baradat, 7 Or. App. 447. In this case the appeal was taken and the bond was furnished within the time granted by law for taking a devolutive appeal, and, therefore, it must be declared that the appeal should stand as such.
Therefore, for the reasons thus assigned, it is ordered, adjudged and decreed that the writ of prohibition issued against our brother below to prevent his execution of the judgment of eviction be recalled, and the alternative writ of mandamus directing him to reinstate the appeal is made peremptory to the extent that the appeal shall be de-volutive only.
Writ of prohibition recalled; writ of mandamus made peremptory in part.