GRAY, MACMURDO & Co. *v.* LOWE & PATTISON et al.—FEARN, DONEGAN & Co., Praying for a Prohibition.

An appellant will not lose his right of appeal in consequence of the surety becoming insolvent after he had signed the bond. In such a case, it is the duty of the court to allow a sufficient surety to be substituted. And where the right was denied, and the District Judge dismissed the appeal and allowed an execution to issue, a writ of prohibition was granted to arrest proceedings under it. C. C. 3012.

APPLICATION for a Writ of Prohibition to the Judge of the Fourth District Court of New Orleans, *Reynolds*, J. *E. L. Goold*, for the applicant.

SLIDELL, C. J. The plaintiffs having obtained a judgment against *Fearn, Donegan & Co.*, the latter obtained, on the 1st of March, 1854, an order for a suspensive appeal, and filed within the legal delay, an appeal bond for the proper amount, with *Kendall, Yoe & Co.* as sureties. On the 26th of April, 1854, after the transcript of appeal had been filed in this court, the plaintiffs took a rule in the court below on the defendants, to show cause why the appeal granted, should not be dismissed, and why execution should not issue against *Fearn, Donegan & Co.* for the amount of the judgment and costs, on the following ground : "That the surety, *Kendall, Yoe & Co.*, on the appeal bond filed herein, is not good and solvent, as required by law." At the hearing of the rule, *Fearn, Donegan & Co.* offered a new surety of unquestionable and unquestioned solvency, who being examined as a witness, deposed, that he was worth many times over the amount of the required bonds. He also declared his willingness to sign a new bond, and that when *Kendall, Yoe & Co.* signed the bond, they were considered solvent merchants, and in good credit. Another merchant, who had known *Kendall, Yoe & Co.* for several years, testified that he had had extensive transactions with them ; that he considered them solvent, and they were so regarded in the commercial community. That they

had failed only a few days previous to the date of his examination, and that GRAY, MACMURDO & CO. *v.* LOWE & PATTISON. only a few days previous, witness had such an opinion of their solvency, that he had agreed to take their notes without an endorser, for a lot of merchandize he had on sale, but the bargain was not consummated in consequence of a disagreement with the purchaser about the price of the goods. This testimony was received without objection; it is unnecessary, therefore, to say whether it was the best evidence on the question of solvency, and as it stood before the District Judge without objection, was no doubt ample to satisfy his mind, that *Kendall, Yoe & Co,* were satisfactory sureties when they signed the bond. The evidence, however, was superfluous, and was probably offered by *Fearn, Donegan & Co,* out of abundant caution, for it will be observed, the rule taken by the plaintiffs questioned not the past, but the present solvency of *Kendall, Yoe & Co,* The decision upon the rule was as follows: "The court considering that the surety on the appeal bond furnished by defendants *has become insolvent,* and that no new bond can be furnished after the expiration of the legal delay, it is ordered that the rule taken by plaintiffs on the 26th ultimo, be made absolute; that the suspensive appeal herein granted, be set aside and dismissed; and that the plaintiffs have leave to issue execution for the amount of the judgment rendered in this case, with costs." An application was then made to this court for a prohibition, the relators suggesting their continued willingness to give a new and solvent surety. A rule to show cause having been granted, the District Judge answered: "That although he was satisfied of the solvency of *W. Bogart,* the new surety offered in the case mentioned by the relators, and of the failure of the former security subsequent to the allowance of the suspensive appeal, he did consider himself bound to refuse a new surety, after the lapse of ten days from signing the judgment. He further answers, that he refused an appeal from his judgment, ordering execution to issue and dismissing the appeal, because he considered that the law allows no such remedy; and further, that being strongly inclined to grant the relators relief in the premises, he suggested an application to the Supreme Court."

We think the District Judge erred. The right of appeal is a constitutional right, and in the present case, the right of suspensive appeal was clearly conferred by the law. If a party in good faith fulfils within the legal delay, the conditions upon which the right of suspensive appeal is granted, it would be an inequitable and harsh construction of a provision of law framed for the protection of defendants, to say that his right should be defeated by a subsequent contingency unforseen, and over which he had no control, the subsequent failure of his surety. Such a doctrine would also involve an inequality which could not be reconciled with equity. For by Art. 3012, when the security received "by the direction of law," becomes insolvent, his place "should be supplied by another," il doit en être donné une autre. The rule is derived from the Napoleon Code, and originally from the Roman law. Si la caution, says Pothier, avait les qualités lorsqu'elle a été reçue, mais qu'elle ait cessé depuis de les avoir; pourtant, si de solvable qu'elle était, elle est devenue insolvable, le débiteur sera-t-il obligé d'en donner une autre? Il faut distinguer. Il y sera obligé si c'est une caution légale ou judiciaire. Si calamitas insignis fidejussoribus vel magna inopia accidit, ex integro satisdandum erit. L. 10, §1, quit satisd. cog. L. 4, ff. de stipul. praet. Pothier, Oblig. No. 392. If the creditor, in such case, can compel the debtor to furnish a new surety, it is

<div style="margin-left:2em">

GRAY, MACMURDO & Co. *v.* LOWE & PATTISON.

</div>

just the debtor should have the right to give one, and thus preserve his right of suspensive appeal. Equality is equity.

We do not concur in the *obiter dictum* in *Stanton* v. *Parker*, 2 Rob. 551, where it is intimated that if the surety has become insolvent after the appeal was brought up, it is the same as if no security had been given. We think the distinction between the two cases is manifest. In the one case, the requisition of the law has been disregarded; in the other, the party has in good faith complied at the time, and the subsequent failure of the surety is not the fault of the principals.

Considering that by the filing of an appeal bond sufficient at the time to the fulfilment of other formalities, the appellate jurisdiction of this court had attached; that the benefit of the right of suspensive appeal once lawfully acquired, should not be totally lost by reason of the subsequent failure of the surety; that the case under the answer of the District Judge and the antecedent proceedings of record, presents no contested question of fact, but a question of law merely; and that the interference of this court, under the circumstances, is necessary for the prompt maintenance of its appellate jurisdiction.*

It is therefore ordered, that a writ of prohibition issue, commanding the District Judge not to allow, and the Sheriff not to take any further action upon the execution issued in said cause of *Gray et al.* v. *Fearn, Donegan & Co.*, provided the said relators shall, within three days after the filing of the mandate of this court in the court below, furnish to the satisfaction of said District Judge, a new appeal bond, dated *nunc pro tunc*, with a good and solvent security conditioned according to law, and for the amount required in cases of suspensive appeal.

---

*Authorities referred to by the court : *State* v. *Buchanan*, 18 L. R. 575 ; *State* v. *Judge of First District*, 19 L. R. at page 178.