THOMPSON, J.
 

 There are two appeals in this case, one by the plaintiff from a judgment which rejected her demand and dismissed her suit on an exception of no cause of action, and the other by the defendant from a judgment refusing to dismiss the appeal on a motion to test the solvency of the surety in the appeal bond.
 

 The last appeal will be considered first, since, if there is no valid' appeal, there is nothing before the court to decide.
 

 Judgment was signed dismissing plaintiff’s suit od February 3, 1925, and an appeal was granted to this court on February 12, 1925.
 

 The appeal bond was filed on the same day. The transcript was filed in this court on April 2, 1925.
 

 On September 28, 1925, a notice was issued to the plaintiff and served on her on September 29th, in which it was claimed that the appeal bond was insufficient because of the insolvency of the surety. The notice was given under Act No. 112 of 1916. On October 2, the day following the expiration of the two full days after the service of the notice, the plaintiff filed a new bond upon which no attack was made, except that it came too late.
 

 Thereafter, on October 13, 1925, the defendant filed a rule on the plaintiff to show cause why the appeal bond first filed should not be declared insufficient by reason of the insolvency of the surety and why the appeal should not be dismissed because no new bond had been filed within the two days following the notice given the plaintiff of the insufficiency of the appeal bond.
 

 On a trial of this rule the judge held that the second bond was filed in time, and declined to dismiss the appeal.
 

 We concur in the ruling refusing to dismiss the appeal but for reasons somewhat different from those assigned by the district judge.
 

 If Act No. 112 of 1916 could be held to apply to this case, then the second appeal bond was not filed in time, for as stated the bond was not filed until the third day after the service of the notice on appellant.
 

 Section 3 of the act just referred to only grants the privilege to furnish an additional bond within two days following the service of the notice, and the court has no power to extend that delay.
 

 In the case of Shreveport Long Leaf Lumber Co. v. Hollingsworth, 158 La. 1042, 105 So. 57, this court held that an appeal bond filed after the two days provided in section 3 of Act No. 112 of 1916 came too late. We adhere to that ruling.
 

 The record in the instant case shows very clearly that the surety on the appeal bond was perfectly solvent at the time the bond was filed and did not become insolvent until after the appeal was lodged in this court. In these circumstances the cited act is inapplicable. The provision of the statute, in so far as it relates to appeal bonds, in our opinion was intended to apply to cases where the bond was insufficient or the surety was insolvent at the time the bond was executed and filed, and not to cases in which the surety became insolvent long after the transcript was filed in this court.
 

 Section 2 of the act provides that, whenever any litigant in this state shall have fur
 
 *752
 
 nished, in connection with any judicial proceeding, a bond and surety, and the said bond is insufficient in amount or incorrect by reason of errors or omissions therein, such litigant shall have the right to correct such insufficiency, etc., in the court of original jurisdiction, and to furnish new or additional bond and surety; that any . new bonds so furnished, and any supplemental or additional bond, shall have the same effect as to principal and surety as if it had been furnished in the original bond and had been .filed on the date of the filing of tbe original bond.
 

 The third section provides the method to be pursued and the delay within which the new or additional bond shall be filed. There is nothing in the statute which expressly or by reasonable implication requires that an appellant should file his new or additional bond within two days after the notice, where the surety furnished by him had become insolvent after signing the bond and after his appeal had been filed in the appellate court. To so hold, we think, would be placing on the language of the statute a strained and too rigid a construction, one not justified by the terms of the statute, and not within the contemplation of the lawmaker.
 

 The statute in this respect should be liberally construed, and, where there is doubt in its application, that doubt should be resolved in favor of the constitutional right of appeal.
 

 [4J We do not hold that the appellee in such cases is without his right to contest in the court of original jurisdiction the solvency of the surety on the appeal’ bond after the appeal has been lodged in this court. But in doing so the appellant must be given a reasonable time and opportunity to furnish a new or additional bond with solvent surety.
 

 Article 3043 of the Civil Code provides that, when the surety received by the creditor, either voluntarily or by direction of the law, becomes insolvent, his place should be supplied by another.
 

 The case of Gray, etc., v. Lowe and Pattison, 9 La. Ann. 478, is very appropriate. In that case, as in the instant one, the appeal bond had been filed and the appeal lodged in the Supreme Court, when the appellee took a rule to show cause why the appeal should not be dismissed because the surety on the appeal bond was not good and solvent. On the trial of the rule the appellant offered a new surety of unquestionable solvency, but the court refused the new bond and dismissed the appeal. The Supreme Court held that:
 

 “If a party in good faith fulfils within the legal delay, the conditions upon which the right of suspensive appeal is granted, it would be an inequitable and harsh construction of a provision of law framed for the protection of defendants, to say that his right should be defeated by a subsequent contingency unforeseen, and over which he had no control, the subsequent failure of his surety” — citing article 3012, Civ. Code now article 3043 cited supra.
 

 The court in the cited case issued a prohibition commanding the district judge not to allow, and the sheriff not to take, any further action in execution of the judgment, provided that the relators should within three days after the filing of the mandate of the court in the court below, furnish a new appeal bond dated nunc pro tunc.
 

 Such an order is unnecessary in this case, since the additional bond was filed and. accepted by the court.
 

 The first appeal:
 

 The plaintiff, a married woman living with her husband, and not separate in property from him, acquired by purchase in her own name certain lands situated in De Soto par
 
 *754
 
 ish. The purchase price was on credit and represented by two notes executed by the purchaser. As an additional security for the two notes, the plaintiff gave a mortgage on certain lands constituting her separate property. The present suit is to enjoin the foreclosure on her separate land on the ground that the purchase was an acquisition by the community of which the husband was head and master, and that she could not bind herself nor her separate property for his debt.
 

 Tfie injunction was issued ex parte, being prior to Act No. 29 of 1924.
 

 The defendant filed a motion to dissolve the injunction, for the reason that the application therefor did not present a case in which an injunction could be issued without bond. This motion was overruled, and the defendant filed an exception of no cause of action. On trial of this exception the court sustained the same and rejected plaintiff’s demand and dismissed her suit, for the. reason, “that the plaintiff has not stated a cause of action warranting the issuance of an injunction without bond.”
 

 The ruling was correct in so far as it relates to the injunction. The petition on its face does not present a case in which an injunction can issue without bond. See Code of Practice, arts. 738, 739, and 740.
 

 The court, however, was not authorized on that ground to reject plaintiff’s demand and to dismiss her suit. She was entitled to a hearing on her main demand. A state of facts is sufficiently set out in the petition, if true, to authorize the relief the plaintiff seeks, that is, the release of her separate property from liability for her husband’s debt or a debt of the community.
 

 Article 2398 of the Civil Code provides that the wife, whether separated in property by contract or by judgment, or not separated, cannot bind herself for her husband, nor conjointly with him,' for debts contracted by him before or during marriage.
 

 In the ease of Miller v. Handy, 33 La. Ann. 169, the attempt to maintain a purchase partly for cash and partly on credit by the wife was sustained as against the attaqk of the husband’s creditors. But it was shown by the evidence that the wife had paraphernal funds to invest and a reasonable prospect to pay the credit portion of the purchase price as it matured.
 

 The court approved the doctrine of the ease of Bouligny v. Fortier, 16 La. Ann. 214, that: “The wife is required, not only to prove that she had paraphernal effects at her disposal, but also that they were ample to enable her, reasonably, at least to make the new acquisition.”
 

 The court in the Miller Case announced the general propositions to govern in such eases:
 

 (1) It should be regarded as esential that the wife should have some paraphernal funds to invest, because such investment is the foundation of her right to purchase.
 

 (2) The cash so'invested should bear such fair proportion to the total price of the purchase as to render it reasonably certain that the property purchased would furnish sufficient security for the credit portion of the price.
 

 (3) The wife’s paraphernal property and revenues should be ample to enable her to make the acquisition, with the reasonable expectation of being able to meet the deferred payments.
 

 The foregoing tests, when applied to the facts alleged in the instant case, show very clearly that the purchase by the plaintiff cannot be regarded in law as anything but a purchase for the community.
 

 
 *756
 
 The purchase was wholly on a credit. The wife had no revenues from her separate property to meet the payments as they become due, and the very fact that she was required by the vendor to mortgage her own property— a very small tract of land — to secure the purchase price, of itself shows that the vendor regarded the property sold to the plaintiff as not being sufficient security for the credit price.
 

 The alleged purchase by the plaintiff was made and the suit to foreclose was filed prior to the passage of Act No. 132 of 1926 and Act No. 283 of 192S removing certain disabilities and incapacities of married women.
 

 For the reasons assigned, the judgment refusing to dismiss the appeal is affirmed; likewise the ruling denying the plaintiff an injunction without bond.
 

 O therwise the judgment is reversed, the exception of no cause of action is overruled, and the case is remanded to be proceeded with according to law; the cost of appeal to be paid by defendant.