O’NIELL, Chief Justice
 

 (concurring in the decree).
 

 Act No. 112 of 1916 was intended to be applied only to cases where the bond was originally defective, or the surety was originally insufficient or insolvent. The amendment of the act, by Act No. 284 of 1928, did not change the law in that respect But my opinion is that the provisions of the statute may well be applied, as far as they are applicable, to a case that has been remanded to the court of original jurisdiction, on a proper showing being made in the appellate court that the surety on the appeal bond has become insolvent since the appeal was taken.
 

 The right of an appellee to demand that the appellant shall furnish a new bond, under penalty of having his appeal dismissed, when the surety on the appeal bond has become insolvent since the appeal was granted, is based upon article 8043 (originally article 3012) of the Civil Code; which provides that, when the surety given to secure an obligation — whether given voluntarily or required by law — becomes insolvent, the debtor must furnish another surety, except, of course, where the creditor has stipulated or agreed that a certain person shall be the surety. The exception has reference, particularly, to a conventional obligation, such as a promissory note, where the payee has accepted a certain individual as indorser or surety. But the fact that the article of the Code, by its terms, has reference to judicial bonds as well as to conventional suretyships, leaves no doubt that the article is applicable to a ease like this— where the surety on an appeal bond has become insolvent since the bond was given. It was so decided in Gray, MacMurdo & Co. v. Lowe & Pattison et al., 9 La. Ann. 478. In that ease it was said that the court was wrong in intimating in Stanton v. Parker, 2 Rob. 551, that, if the surety on an appeal bond becomes insolvent after the appeal is brought up, the case is the same as if no surety had been given. In Benton v. Mahan, 27 La. Ann. 649, the court held that, where the court of original jurisdiction had found the surety on the appeal bond insolvent, and had ordered the appellant to furnish a new surety, and the appellant had failed to comply with the order, the appeal should be dismissed. There it was said that an appeal with an insolvent surety was virtually an appeal with no surety.
 

 In Mayweather v. Long, 170 La. 747, 129 So. 151, the surety on the appeal bond was sufficient when the bond was filed, but he became insolvent after the record was filed in this court. The appellee proceeded in the district court, under the provisions of Act No. 112 of 1916, to require the appellant to file a new bond with good and solvent surety within two days, or have his appeal dismissed. The appellant filed a new bond with good aud solvent surety, but filed it on the third day after being notified of the appellee’s complaint, instead of filing it on the second day, as required by the statute. The appellee, therefore, filed a motion in the Supreme Court to dismiss the appeal. This
 
 *891
 
 court held- that the case was not governed by Act No. 112 of 1916, and that the new appeal bond, having been filed within a reasonable time, saved the appeal from dismissal. All that that decision is authority for is that it is not out of order for the appellee to file his complaint in the district court, instead of filing it in the appellate court, when he discovers that the surety on the appeal bond has become insolvent. There is an expression in the opinion in that case to the effect that the appellee’s only remedy was to contest the solvency of the surety in the district court But my own opinion is that, inasmuch as Act No. 112 of 1916 is not quite applicable to a ease where the surety on the appeal bond has become insolvent after the case has passed out of the jurisdiction of the district court, the only appropriate court for the appellee to complain in, in such a case, is the appellate court; because that court must stay proceedings in such a case until the appellant has had a reasonable time in which to furnish a new bond. If the appellant does not offer to furnish a new bond, or if the parties do not agree upon the solvency of the new surety tendered, the case must be remanded to the district court to determine whether a new bond should be given, and, if so, whether the surety tendered on the new bond is sufficient.
 

 Act No. 45 of 1890, which amended article 575 of the Code of Practice by providing that an appellant should prove the solvency of the surety on the appeal bond whenever it was questioned by any party interested in the appeal, was expressly repealed by Act No. 289 of 1926. The latter act amended the article of the Code of Practice so as to'provide that a bonding company or surety company, as well as a person residing within the jurisdiction of the court, might lawfully be the surety on an appeal bond; and the act repealed all laws in conflict with it, or contrary to its provisions, “especially Act No. 45 of 1890,” which latter act was itself an amendment and r,e-enactment of article 575 of the Code of Practice. In the meantime, however, Act No. 45 of 1890 was superseded and, in effect, repealed by sections 2. and 3 of Act No. 112 of 1916; which act provides, in detail, the method for testing the validity of any judicial bond, including appeal bonds, and the method of testing the solvency or sufficiency of the surety, and the furnishing of new or additional bonds.
 

 When article 575 of the Code of Practice was again amended and re-enacted, by Act No. 289 of 1926, the provision in Act No. 45 of 1890, requiring an appellant to prove the solvency of the surety on his bond whenever it was questioned by any party interested in the appeal, was retained in the first section of the act of 1926; but, in the repealing clause, in the second section, of the act of 1926, the act of 1890 was expressly repealed, as I have shown. It is likely, therefore, that the retention of the provision of the act of 1890, in the first section of the act of 1926, was an accident. But that is a matter of no importance, now, for two reasons: First, because it was decided in Hitt v. Herndon, 166 La. 497, 117 So. 568, that Act No. 112 of 1916 was not repealed by Act No. 289 of 1926; and, second, because, even if the act of 1916 had been repealed or superseded by the act of 1926, the latter act was superseded and in effect repealed, in so far as it provided for testing the solvency or sufficiency of sureties on appeal bonds, by Act No. 284 of
 
 *893
 
 1928, which has amended and re-enacted section 3 of Act No. 112 of 1916, providing in detail the method of testing the solvency or sufficiency of sureties on all bonds required ip judicial proceedings, including appeal bonds. It was decided, as we have said, in Mayweather v. Long, that Act No. 112 of 1916 was not applicable to a case where the surety became insolvent after the bond was furnished; and the amendment of the act, by the act of 1928, has not made it applicable to such a case. It is equally certain that the provisions of Act 45 of 1890, retained in Act No. 289 of 1926, for proving the solvency of the surety on an appeal bond, were not applicable to a case where the surety had become insolvent after the bond was furnished. The expression “whenever it is questioned” meant “in all cases where the solvency of the surety was questioned.” It did not 'mean that any party interested in an appeal might compel the appellant to prove the solvency of the surety on his appeal bond every day, or every week, or as often as the interested party might entertain a doubt about the solvency of the surety on the appeal bond. All of that, however, is a matter of no importance now since Act No. 45 of 1890 was superseded by Act No. 112 of 1916, and since Act No. 289 of 1926 was in turn superseded by Act No. 284 of 1928; which act is not applicable to a case where the surety on an appeal bond becomes insolvent after the bond is furnished.
 

 It seems that, in deciding that Act No. 289 of 1926 did not repeal Act No. 112 of 1916, in Hitt v. Herndon, the court was under the impression that the act of 1916 provided only for correcting irregularities and supplying deficiencies in appeal bonds, and did not provide for testing the solvency or sufficiency of the surety on appeal bonds. But that was a mistake, resulting from the reading of the second section of the act of 1916, without reading also the third section, which, in very plain terms, provides for testing the solvency or sufficiency of the surety on any and all bonds required in judicial proceedings.
 

 It is suggested in one of the briefs filed in this case that, inasmuch as the surety on the appeal bond is a surety company, and has been judicially declared insolvent in a receivership proceeding, the bond should be deemed canceled, as in the case of an insurance policy. It is true that, when an insurance company is judicially decreed to be insolvent, in a receivership or liquidation proceeding, the outstanding policy, contracts of the company are thereby canceled, and the company becomes indebted to the policyholders for the unearned part of the premiums. Federico Macaroni Manufacturing Company v. Great Western Fire Insurance Company et al., 173 La. 905, 139 So. 1, 79 A. L. R. 1256. But we doubt that that rule is applicable to a surety company, whose obligation is not to the other party to the contract but to a third party. Besides, although we might well take judicial notice of the insolvency of the surety on the appeal bond in this case, we have to remand the case to the district court, because we have no method for determining the solvency or sufficiency of the surety that may be tendered on a new bond to be furnished by the appellant. It is necessary, therefore, to remand the ease to the district court to allow the appellant an opportunity to furnish a new bond within a reasonable time.