JOHN A. WAKEFIELD, plaintiff in error, *v.* ROBERT GOUDY, defendant in error.

*Error to Morgan.*

Where the Circuit Courts exercise an extra-territorial jurisdiction, the facts upon which the jurisdiction arises, must be either expressly set forth in the declaration, or in such manner as to render them certain by legal intendment.

Where the process by which a suit is commenced is sent to a foreign county, and the declaration does not show that the Court has jurisdiction, the Court should, on motion, dismiss the suit; and an amendment of the declaration, after the denial of such motion, cannot obviate the error. But a cross-motion to amend, at the time the motion to dismiss is made, would be addressed to the discretion of the Court, and it would be competent for the Court to grant such motion, and thus give the Court jurisdiction.

THIS was an action of *assumpsit*, and was heard in the Court below, at the November term, 1839, before the Hon. William Thomas. Judgment was rendered for the plaintiff, on a trial by Court, without the intervention of a jury, for $906, and costs.

J. J. HARDIN, for the plaintiff in error.

J. LAMBORN, for the defendant in error.

SMITH, Justice, delivered the opinion of the (old) Court:

(1) 1 Johns. Ch. R. 466.                    (2) 3 Johns. Ch. R. 275.

Several grounds of error have been assigned in this cause, none of which are deemed tenable, excepting the first, which is conclusive. It goes to the jurisdiction of the Court. From the record it appears that the defendant in the Circuit Court, on his appearance, moved to dismiss the cause, for want of an averment in the declaration, that the Circuit Court of Morgan county had jurisdiction, for one of the causes stated in the act extending the territorial jurisdiction of the Circuit Courts of this State in certain cases. It appears that the process of summons emanated from Morgan county, was directed to the sheriff of Jo Daviess county, and there served on the defendant.

The defendant's motion was denied, and the plaintiff subsequently permitted to amend his declaration, by sufficient averments to show jurisdiction in the Court. This case, on this point, falls directly within the rule laid down in the cases of Clark *v.* Harkness, (1) Key *v.* Collins, (2) and Beaubien *v* Brinckerhoff. (3)

In these cases it was held, that where the Circuit Courts exercise an extra-territorial jurisdiction, the facts upon which the jurisdiction arises, must be either expressly set forth, or in such manner as to render them certain by legal intendment.

It was, therefore, essential to the exercise of such jurisdiction, that an averment should have stated, in the declaration, that the cause of action accrued in the county of Morgan, and that such county was the place of the plaintiff's residence, or that the contract on which the action was commenced, was made specifically payable in the county of Morgan.

The leave given to plaintiff to amend his declaration, to insert such averment, after the denial of the motion, and the making of such amendment, will not obviate the error. If there had been a cross motion to amend, at the time the defendant's motion was made, it would, doubtless, then have been in the discretion of the Court to permit the amendment, before deciding the motion to dismiss; but it was erroneous, without such application being made, to overrule the defendant's motion to dismiss.

Suppose the defendant had pleaded to the jurisdiction of the Court; it would have been bound to have recognised the validity of the plea. It being matter brought before the Court on motion, will not vary the rights of the parties. This summary mode of practice has been for some time encouraged, and we see no reason why it is not to be as comprehensive a remedy, as the more formal mode by plea.

It is certainly to be regretted that, in a case like the present, where the adjudication has been, in all other respects, regular, the party must be under the necessity of having his case reinvestigated; but it is certainly better that such inconvenience should arise, than

(1) 1 Scam. 56.          (2) 1 Scam. 404.          (3) 2 Scam. 274.

that the fixed principles of proceedings should be violated, and rendered fluctuating and uncertain.

The judgment is reversed with costs.

*Judgment reversed.*