The opinion of the court was delivered by
McBnbrv, J.
This is an application for writs of mandamus and prohibition against the respondent judge.
The relator was defendant in a suit instituted against him in the Second Oity Court of New Orleans for the purpose of ejecting him from leased premises. The suit was tried and judgment rendered against him in pursuance of Secs. 2155, 2156,2157, Revised Statutes.
The defendant applied for a suspensive appeal, and tendered the bond. The appeal was denied.
He applied for the necessary writs to the Civil District Oourt, parish of Orleans, to enforce his right of appeal. One of the judges of said court issued an order as follows :
“ Let the petition be filed and let the writs of certiorari, mandamus and prohibition issue as prayed for.”
*1317 On the allotment of cases this application went to the judge of Division “B” of said court. The judge of Division !tB ” set aside the order for the writs mentioned, and made the usual order in such cases, commanding the judge of the Second City Oourt to produce the record in the suit for the ejectment of defendant, and to show cause why the writs originally prayed for by defendant should not be granted.
The jfidgees of said city court produced the record with his answer.
The trial of the rule was fixed for the 11th September, 1893. The judge on an inspection of the record became satisfied that the Oivil District Court was without jurisdiction to grant the order for a suspensive appeal, and denied the relief prayed for and discharged the rule. In his answer the respondent judge says that although not personally present the relator and his attorney had full notice and knowledge that their application for said writs would be heard on the day and hour named for the trial of said rule. The relator filed a motion for a new trial, which was heard and overruled.
In the application for the writs to this court the relator avers that more than $25 were in dispute in the ejectment suit, and that he was entitled to an appeal from the judgment rendered against him.
' He complains of the order of the respondent judge in setting aside the order granted by one of the judges of the Oivil District Oourt before the allotment of said case, and of the setting of the rule to show cause for trial without giving the relator due notice of the same.
The order granted in the first instance did not mention any day when the rule asked for by relator should be tried. It ordered that th,e writs prayed for should issue. Had the case been allotted to said judge, he would undoubtedly have had the power to so alter the order as to require the respondent to answer on a day certain why the writs should not be made peremptory. The judge of Division “B” did that which the judge who granted the order could have done. The rights of relator were not in any way affected. His petition for the writs was still pending and on file, and although the first order was set aside, yet it was only for the purpose of granting the order as prayed for by relator. The respondent judge fixed the trial of the rule for a certain day. Plaintiff and his attorney were absent, and although not formally served with notice they knew of the day fixed fcr the trial. But whether this was sufficient notice or not, the entire record was *1318 before the judge, and the following facts were before him. None other could have been urged by the relator, as these were shown by the record and were conclusive.
The plaintiff sued for the possession of leased premises. The defendant filed amotion to set aside the order fixing the case for trial. He filed an exception to the jurisdiction of the court, on the sole ground that the “demand of plaintiff fails to show any jurisdiction of this court.” He filed an exception that the full name of the plaintiff had not been dsclosed. These exceptions being overruled, he filed an answer as follows: “Now comes defendant and for answer shows that plaintiff has accepted rent for the premises since the commencement of these proceedings, and is therefore not entitled to prosecute this action. He further makes general denial of plaintiff’s claim. He shows that under his contract with plaintiff he is entitled to still hold the premises in dispute.”
There was judgment for plaintiff, and the defendant filed a motion for a new trial. After the rendition of the judgment the defendant made an affidavit and filed the same, stating that the amount in dispute was over $26. He then applied for a suspensive appeal and tendered his bond. The face of the record shows conclusively that the Civil District Court was without jurisdiction to arrest the judgment by ordering a suspensive appeal. There was no special defence supported by oath of defendant that all the facts contained in the answer were true and entitle him to retain possession of the leased premises, so as to suspend execution of the judgment pending the appeal. The arrest of the judgment could not therefore be ordered by the District Court. This judgment must be executed in accordance with the provisions of the Revised Statutes under the chapter of Landlord and Tenant. But we do not understand the summary process for the ejectment of tenants prevents a devolutive appeal from the judgment where the amount in dispute vests the appellate court with jurisdiction.
The rent was for $30 per month, and the relator alleges in answer that the lease had been continued for another month and that he was entitled under his contract to remain in possession for the unexpired term. But no application was made for a devolutive appeal.
The respondent judge found on his docket an application for writs to compel a suspensive appeal to his court of a case of which he had no jurisdiction. The face of the papers showed that the order had *1319 been itnproviolently granted. He would have had in the first instance the power to refuse to order the issue of the alternative writs. He had a right therefore ex proprio motu to dismiss the case for want of jurisdiction at any time it was brought to his notice. 22 Barb. 271; 23 Conn. 172; 2 Ohio, 26; 13 Vt. 175; 4 Ill. 133; 38 An. 704; 41 An. 540.
If the relief prayed for by relator were granted, the result could only be a repetition of the decree rendered by the respondent judge.
Conceding that there was irregularity in the proceedings below in disposing of a case of which he had no jurisdiction to arrest the judgment and grant the relief prayed for, we can not compel him to assume jurisdiction where he has none; nor will we so exercise the supervisory jurisdiction of this court over inferior tribunals so as to compel them to withhold their signatures from a judgment that is correct in eliminating from their dockets cases which have been improperly lodged there. State ex rel. Suberville, 45 An. (just decided).
The relief prayed for is denied and the rule granted herein discharged at relator’s costs.
Rehearing refused.