(35 South. 282.)

No. 14,927.

STATE ex rel. WERLEIN v. ELLIS, Judge.

(June 27, 1903.)

APPEAL—BOND—AMOUNT.

1. Section 2157 of the Revised Statutes, and not article 577 of the Code of Practice, governs in the matter of the amount of a suspensive appeal bond to be given where a tenant, against whom ejectment proceedings have been taken, is entitled to such an appeal, and under Rev. St. § 2157, it is held the trial judge may fix the amount of the bond.

(Syllabus by the Court.)

Application by the state, on the relation of Bettie P. Werlein, for writs of certiorari and mandamus against T. C. W. Ellis, judge. Denied.

Merrick & Lewis and Philip Gensler, Jr., for relatrix. Respondent Judge (Zengel, Thomas & Suthon, of counsel), pro se.

BLANCHARD, J. The case of the relatrix is that she brought suit against H. J. Janssen, the object of which was to obtain possession of certain premises, known as 718 Canal Street in the City of New Orleans, which had been leased by said Janssen; that the lease had expired, but said Janssen had refused to vacate the house; that she had recovered judgment ordering him to vacate and surrender the premises to her; that he had applied for an order of suspensive appeal from the judgment, returnable to this court on the first Monday in November, 1903; that the respondent judge had allowed such appeal on bond in the sum of one thousand dollars; that the premises in question are of a valuation exceeding $35,000; that the season for leasing premises of that character begins October 1st, 1903; that permitting the said Janssen to remain on the premises after that date will cause her irreparable injury; that following the order permitting him to appeal as above, she (relatrix) took a rule on Janssen to show cause why the order of appeal should not be set aside for the reason, among others, that the amount of the appeal bond as fixed by the court is insufficient to secure relatrix against loss; that the rule was tried before respondent judge and dismissed; and that such ruling on part of the judge is contrary to law, leaving relatrix without relief or adequate remedy except that to be had through the writs applied for, since an appeal in the ordinary course cannot be determined in this court until after the season for the leasing of houses, such as the one in question, shall have passed.

Her prayer was for a writ of certiorari to bring up the papers of the suit of herself against the said Janssen, and for a writ of mandamus commanding the respondent judge to dismiss the suspensive appeal he had granted and to allow execution to issue on the judgment she had recovered against Janssen for the possession of the premises.

It will be noted she asked for no relief in the way of increasing, or ordering the respondent judge to increase, the amount of the bond to be given for the suspensive appeal which Janssen had applied for.

To the rule nisi the judge answered that the relatrix's suit before him was one against her tenant Janssen for ejectment on the allegation that the lease to him had expired; that Janssen had filed an answer, verified by oath, in which he represented that the lease made to him contained a stipulation giving him the right of renewal, at its expiration, for a further period of three years; that he had seasonably notified the relatrix of his intention to take advantage of such right of renewal; and that, therefore, she was not entitled to dispossess him of the premises.

The respondent further set forth that after judgment had been rendered by him sustaining the relatrix's demand for possession, and within the delay allowed by law, Janssen moved for a suspensive appeal, which was granted upon his furnishing bond fixed at the sum of one thousand dollars.

He returns as further answer that there was no allegation in relatrix's petition for possession of the premises as to the damages she would suffer by Janssen's continued possession of the house, and neither was there any evidence submitted on that point, and that Janssen was shown to be a responsible man, who, throughout the lease and up to the present time, had promptly paid his rent.

The judge avers the special defense set up by Janssen was, in his opinion, serious and not resorted to for the purpose of delay.

He then continues:—

"The law giving the right of appeal, in suits of landlords for the ejectment of tenants, is found in Section 2157 of the Revised Statutes, which reads as follows:—

" 'No appeal from any such judgment shall suspend execution unless the defendant has filed special defense, supported by oath, that all the facts contained in his answer are true and entitle him to retain possession of the premises, and unless he give bond with good and sufficient security for all such damages as the appellant may sustain.' "

He cites State ex rel. Lamouraine v. Judge, 45 La. Ann. 1316, 14 South. 232, as sustaining him in the position that the law governing in such matters is section 2157, Rev. St.

By reference to that case we find this Court did hold that "in summary process to obtain possession of leased premises the defendant must comply with section 2157, Rev. St., in order to obtain a suspensive appeal."

The Judge, in his return, continues that believing the amount of the bond under section 2157, Rev. St., was left to the discretion of the court, he took into consideration the amount of damages the relatrix was likely to suffer; that no evidence showed what this damage would be; that no testimony was submitted tending to establish the premises could be rented at a greater sum per month than Janssen was paying; that Janssen's position being the lease to him still subsisted, he must pay the monthly rental as it matured; that failure to do this would subject him to provisional seizure, or ejectment by summary process; and that relatrix under the law has a lien and privilege on everything in the leased premises to secure her rights.

Weighing all these circumstances, he concluded a thousand dollar bond for the suspensive appeal would suffice, and having exercised, in fixing the amount of the bond, a discretion given him by law, he submits the writ of mandamus should not issue to control such discretion.

The position of the relatrix is that Code Prac. art. 577, controls in the matter of fixing the bond in a suspensive appeal of this character. That article is found in the chapter treating "Of the mode in which definitive judgments may be reversed, modified or revised."

It is to the effect that if a judgment decree the delivery of real estate, security shall be required to an amount exceeding by one half the estimative value of the revenue to be derived from such real estate pending the suit, and such further amount as the judge may determine as surety for injury or deterioration of the estate while the appellant remains in possession.

Considering this law, relatrix insists that since Janssen claims the right of possession for three years longer and the rent he has been paying is $250.00 per month, he should have given a bond for $10,080, plus an amount for costs and deterioration.

The law to which respondent judge cites us is found in the Revised Statutes under the head of "Landlord and Tenant," and its first three sections treat of the manner of forcing tenants to give to the proprietor possession of leased property, and the last of the three sections (2157) gives the right of suspensive appeal where a special defense is filed, supported by an oath, that the facts are true and entitle him to retain possession, and in such case the bond shall be for an amount sufficient to cover such damages as the landlord may sustain.

This being a special law applicable to a special subject, it controls, and the Statute declaring that the appeal bond to be given shall be "for all such damages as the appellee may sustain" without determining the rule for ascertaining such damages, it must be presumed the law intended to leave to the judge the fixing of the amount for the bond under the facts appearing in each case.

That is what was done here.

The judge fixed a thousand dollars. We are not asked to hold it inadequate. We are asked only to hold it is no suspensive appeal bond at all and to command by mandamus the judge to permit the judgment appealed from to be executed.

We do not think such order justified and it is refused.

The rule nisi is discharged and the demand of the relatrix rejected at her costs.