Statement of the Case.
MONROE, J.
It appears from the record (including the original, which has been sent up in compliance with a writ of certiorari issued from this court) that plaintiff, as the substituted lessor of defendants, brought suit to eject the latter from the. leased premises, and that defendants were ordered to show cause on October 7th why they should not be condemned to vacate said premises, or, in thé event of their failure to do so, why a writ of possession should not issue; that on the day fixed defendants filed an unsworn answer, whereupon, on October 10th, evidence was adduced, and, the ease having been argued and submitted, the court, on October 17th, rendered judgment in favor of plaintiff and signed the same on October 22d. It further appears that on October 19th defendants indorsed upon the answer, which they had filed on October 7th, an affidavit to the truth of the facts therein stated; that on October 22d, after the signing of the judgment, they obtained an order “that a suspensive appeal be herein granted on defendants furnishing bond, with good and solvent surety, in the sum of $5,000 for a suspensive, and the sum of $100 for a devolutive, appeal” ; that on the following day, upon the suggestion of plaintiff that 24 hours had elapsed since the rendition of the judgment, and .that defendants had not complied therewith, the court ordered that plaintiff be put in possession; and that thereupon (on October 25th) defendants applied to this court for writs of certiorari and prohibition- — alleging, in substance, that upon the day upon which the judgment was signed they obtained an order of appeal conditioned upon their furnishing bond, etc., and that on the following day, at 1:25 p. m., they furnished a bond for a suspensive appeal, but that on the same day the district court ordered that the judgment be executed; that upon the filing of the bond the jurisdiction of said court was devested and the jurisdiction of this court attached, and that the execution of said judgment is therefore illegal. Wherefore they pray that the same be prohibited, etc. To this application the judge a quo answers that the judgment in question was signed on October 22d, before 11:05 o’clock a. m.; that shortly afterwards defendants’ counsel asked what bond would be required for a suspensive appeal, and that the amount was fixed at $5,000; that counsel then asked when the judgment would be signed, and was informed that it had already been signed; that he *1073 then stated that he would file the bond, but that no bond was filed until the next day at 1:30 p. m.; and that in the meanwhile, and after the expiration of 24 hours from the signing of the judgment, plaintiff applied for an order of ejectment, which, upon proof that no bond had been filed, was granted. Respondent further avers that, in fixing the amount of the bond and in making said order, he was governed by sections 2155, 2156, 2157, and 2158, Rev. St., and by the decision of this court in State ex rel. Werlein v. Ellis, Judge, 110 La. 1042, 35 South. 282; that, on examining the record, he finds that no bond, conditioned as the law requires, has been filed; that the answer of the defendants was not sworn to until after the judgment was rendered; and that the filing of the affidavit which now appears upon the answer does not appear upon the docket.
Opinion.
Sections 2155, 2156, 2157, and 2158 of the Revised Statutes, as originally enacted, contemplated a summary proceeding for the ejectment of a tenant, and the amendments thereto emphasize the intention of the General Assembly in that respect. Act No. 96, p. 155, of 1888 (amending and re-enacting section 2155), fixes the preliminary delay, after notice, for the institution of suits, at 15 days, and provides that, if the tenant does not comply with the judgment “within three days after the service of the copy thereof,” the judge shall cause him to be ejected (unless he takes a suspensive appeal, as provided in section 2157). Act No. 23, p. 26, of 1894, includes the lease of “landed estates,” as well as of a “house, store, or other building.” Act No. 52, p. 84, of 1900, reduces the preliminary delay, after notice and prior to the bringing of the suit, from 15 days to 10 days, and provides that “it shall be lawful for such lessor to cause the tenant to be cited. summarily, by a rule to show cause, within two days after service of such rule”; that, “on the day and hour that said rule is made returnable, the justice or judge shall, immediately, try the rule and hear the defense to the same, if any is made, and, if no appearance is made by said'tenant, either in person or through counsel, * * * shall give judgment * * * ” ; and that, “if the tenant does-not comply with the judgment within 24 hours after the rendition of said judgment, it shall be the duty of the justice or judge who-rendered the judgment to issue, forthwith, his warrant” ordering the constable or sheriff to put the lessor in possession.
Section 2157, Rev. St., which has not been amended, provides that:
“No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true and entitle him to retain possession of the premises, and, unless, further, he gives bond, with good and sufficient surety, for all such damages as the appellee may sustain.”
In the case at bar the defense set up was not supported by the oath of either of the defendants, and their attempt to furnish such support, after judgment had been rendered against them, did not meet the requirements of the law. They were, therefore, not entitled to a suspensive appeal, and the court a qua was without authority to grant it. More than that, construing Act No. 52, p. 84, of 1900, with Rev. St. § 2157, it is manifest that the right to appeal suspensively must be exercised “within 24 hours after the rendition” of the judgment, and it is conceded that, though the judgment here in question was rendered on October 17th, no application for an appeal was made until October 23d, and that no bond was filed until October 24th. The law is plain, and the capacity of the General Assembly to enact it is unquestioned, and, when we compare it with the preexisting statute, we find no reason to doubt that it was intended to mean what the words imply, to wit, that it' is the duty of a judge *1075 to order the execution of a judgment of ejection, if it has not been complied with in the ■meanwhile, at the expiration of 24 hours after its rendition — provided, always, the defendant does not suspensively appeal within that time. It will be observed that there is no question of days, or parts of days, to be ■considered. The lawmaker deals with hours, and, unless it should appear that the 24 hours succeeding the rendition of the judgment in•clude time during which the defendant could not appeal, we are of opinion that, in order to suspend execution, the appeal must be taken within that time. Again, if the other ■conditions had been complied with, defendants would have been entitled .to appeal suspensively, and the order of appeal was granted, on the condition that they should give “bond, with good and sufficient surety, for all such damages as the appellees may” ■(might) “sustain.” The condition of the bond filed by them is, however, that required in an ordinary appeal bond; i. e., that they will ■prosecute their appeal, and, if cast, will satisfy the judgment that may be rendered thereon. It is evident, however, that as no ■question of damages was involved in the ■case, and as the only, or worst, judgment that could be rendered against the defendants, on the appeal, would be an affirmance of the .judgment ordering them to vacate the leased premises, the bond, as given, imposed upon the surety no liability for damages resulting from delay, and hence was not conditioned as the law requires — in order to entitle defendants to suspend the execution of the judgment.
We therefore conclude that, as the case is •one in which, by reason of the failure of defendants to make a special defense, supported by affidavit, no suspensive appeal lies, the .judge a quo was without authority to make an order granting such appeal, and did not, and could not, by such order, devest himself ■of jurisdiction to order the execution of the judgment of ejectment; that, even had defendants been otherwise entitled to such appeal, they lost that right by failing to apply, therefor and by failing to give bond within 24 hours after the rendition of the judgment; and, finally, that, if the other conditions had existed, they failed to comply with the condition precedent to the taking effect of even a valid and competent order of appeal, by failing altogether to give the bond required by law, and necessarily contemplated by such order. It may be remarked that the question of the applicability of section 2157 of the Revised Statutes (rather than of article 577 of the Code of Practice) to the matter of the bond required for a suspensive appeal from a judgment of ejectment has already been decided by this court in the affirmative, and it has also been decided that, in order to entitle a defendant in ejectment to such an appeal, he must set up a special defense, supported by his oath, as provided by the section mentioned. State ex rel. Werlein v. Ellis, Judge, 110 La. 1042, 35 South. 282; State ex rel. Lamouraine v. Judge, 45 La. Ann. 1316, 14 South. 232.
Eor the reasons thus assigned it is ordered, adjudged, and decreed that the staying order, heretofore made in this case, be now rescinded, and that relators’ application be denied, and this proceeding dismissed, at their cost.