BECKLEY v. BOURCY

(November 18, 1931. Opinion and Decree.)

J. A. Morales, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is an application for alternative writs of mandamus sought by relator to compel the trial court to sign an order granting a suspensive appeal from a judgment of ejectment rendered under the provisions of Act No. 55 of 1926.

The record shows that on October 22, 1931, Mrs. T. Beckley, as landlord or agent of the owner, had a vacate notice served on Mrs. Ernestine Bourcy to vacate the premises 5533 Atlanta street, this city. On November 5, 1931, a rule was taken by Mrs. Beckley, as landlord, or agent of the owner, against Mrs. Bourcy to show cause why she should not be ejected from the premises for the non-payment of five months' rent at the rate of $20 per month, the rule being returnable on November 10, 1931, at 1:30 p. m. The relator, in her petition for writs, alleges that she filed an answer and special defense, properly sworn to, to the rule denying that Mrs. Beckley was the owner of or agent for the owner of the property, and that relator was in possession of the property under a written authorization from her brother, the owner of the premises, dated October 5, 1929, which was annexed to her petition, and that the said answer to the rule was filed on November 10, 1931, at 11 o'clock a. m. Relator further alleges that she had employed an attorney to represent her, but, due to the fact that her attorney was engaged in a trial in the criminal district court, he was prevented from being present when the ejectment proceeding was tried, and that judgment was rendered against her at about 1:45 p. m. November 10, 1931, by making the rule absolute. But the trial

judge in his return to this court states that the answer was not filed at the time the case was called for trial, but was filed after judgment had been rendered.

Relator further alleges that, as judgment was rendered and signed on November 10, 1931, between 1:45 p. m. and 2 p. m., she had twenty-four hours thereafter in which to take a suspensive appeal as provided by Revised Statutes, art. 2155, as amended by Act 55 of 1926; that the motion for suspensive appeal was presented to the judge a quo between the hours of 9 and 9:30 a. m. of November 12, 1931, and therefore within twenty-four hours, because November 11, 1931, was a legal holiday or dies non, but that the said trial judge arbitrarily and illegally refused to grant the order for the suspensive appeal; and that relator was also ready to furnish a proper and solvent bond for a suspensive appeal at the same time the motion for the appeal was presented.

The proposed motion and order for the suspensive appeal is marked "Filed between the hours of 2:30 and 3:00 o'clock P. M. November 12th, 1931" by the deputy clerk of the city court who also made notation that the bond, which is in the record, was also filed at the same time. On the motion and order for the appeal, the judge wrote the following: "Appeal refused as coming too late, November 12th, 1931."

Taking up first the question of relator's failure to timely file the answer and special defense, under oath, in the ejectment proceedings, it is plain that we must take the return of the trial judge as being accurate because the affidavits of relator and her two witnesses that the answer was filed timely is not supported in any way by the records of the clerk of the city court. We therefore conclude that the answer was filed after the judgment was rendered on November 10, 1931.

What effect would this have upon relator's right to a suspensive appeal? Revised Statutes, sec. 2157, reads as follows:

"No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain the possession of the premises, and unless further, he give bond with good and sufficient security for all such damages as the appellee may sustain."

In the case of Audubon Hotel Company, Ltd., v. Braunig et al., 119 La. 1070, 44 So. 891, the Supreme Court held that, where an answer by a defendant in an ejectment proceeding under Rev. Statutes, secs. 2155 to 2157 was not sworn to until after judgment was rendered, the judge a quo was without authority to grant an order for a suspensive appeal from the judgment of ejectment. In short, the court held that, in order for the defendant, in an ejectment proceeding, to be entitled to a suspensive appeal from an adverse judgment, it is necessary that he comply strictly with the provisions of Rev. Statutes, sec. 2157. See, also, Parcel Transfer Co. v. Robert E. Lee, 5 Orl. App. 125; Doullut v. Rush, 142 La. 479, 80 So. 665.

But even if the first contention had been resolved in favor of relator by holding that the answer had been filed timely, it

appears to us that the motion for the suspensive appeal came too late. Relator, in her petition, states that the judgment was rendered and signed between 1:45 and 2 o'clock p. m. November 10, 1931, and that the motion and order for the suspensive appeal, together with the appeal bond, were presented to the trial judge between the hours of 9 and 9:30 a. m. November 12, 1931. But the records of the clerk's office show that the motion and order for the appeal and the appeal bond were filed between 2:30 and 3 o'clock p. m. November 12, 1931. So, therefore, allowing relator the full twenty-four hours, not including November 11, 1931, which was a legal holiday or a dies non, the motion for the suspensive appeal was filed too late, because the time expired at 2 o'clock p. m. November 12, 1931, and the motion was not filed until 2:30 or 3 o'clock of the same day, which was more than the full twenty-four hours which the law allowed relator to apply for a suspensive appeal. Audubon Hotel Co. v. Braunig, supra.

As the motion was for a suspensive appeal only, what we have said in the premises does not affect relator's right to apply for a devolutive appeal.

For the reasons assigned, the alternative writ of prohibition which we granted on November 14, 1931, is recalled and vacated, and the rule to show cause why a writ of mandamus should not be issued compelling the trial judge to grant a suspensive appeal to relator is dismissed, all at relator's cost.