## SUNSET REALTY & PLANTING CO., Inc., v. BARRIOS.

### No. 17295.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1939.

152

L. Julian Samuel, of Gretna, for appellant.

Leo W. McCune, of Gretna, for appellee.

PER CURIAM.

This matter comes before us on motion to dismiss the suspensive and the devolutive appeal taken by defendant. The suit is for the ejectment of a tenant. The judgment appealed from ordered the tenant to vacate the premises.

█ The motion to dismiss the appeal is based on the fact that defendant did not file any special defense, and Section 2157 of the Revised Statutes, Section 6599 of Dart's General Statutes, is relied upon as authority for the proposition that no appeal "shall suspend execution" of such a judgment "unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain the possession of the premises, and unless further, he give bond with good and sufficient security for all such damages as the appellee may sustain."

A further ground urged for the dismissal of the appeal is the fact that the appeal was not requested within twenty-four hours of the time at which the judgment was rendered and, as authority for the view that such an appeal must be taken within such time, Section 2155 of the Revised Statutes, Section 6597 of Dart's General Statutes, is relied upon.

It appears that the judgment was rendered on July 29, 1939, and that motion for appeal was not made until August 4, 1939, and it further appears that no special defense, as contemplated by R.S. 2157, was made. For both of these reasons, therefore, it is apparent that the suspensive appeal must be dismissed.

█ But counsel for appellant calls attention to the fact that a devolutive as well as a suspensive appeal was requested and granted and suggests that, even if the suspensive appeal must be dismissed, the right of appellant to a devolutive appeal should be recognized.

In Lewis v. Provenzano, 5 La.App. 101, we considered a situation identical with that which is now before us and held that, even though a suspensive appeal, under such circumstances, must be dismissed, the devolutive appeal may be proceeded with. We see no necessity to further consider that question.

It is therefore ordered that the motion to dismiss, insofar as the suspensive appeal is concerned, be and it is sustained, and that, insofar as the devolutive appeal is concerned, it be and it is overruled.

Motion sustained as to suspensive appeal; motion denied as to devolutive appeal.