20 So.2d 165

**WALDHAUSER et al. v. ADAMS HATS, Inc.**

No. 37677.

Nov. 10, 1944.

Leon S. Cahn, of New Orleans, for defendant and appellant.

Harry Hammett, of New Orleans, for plaintiff and appellee.

J. G. Schillin, of New Orleans, for intervener and appellee.

ODOM, Justice.

This is a summary proceeding by rule to show cause, brought by the lessors to evict their tenant. They alleged that the tenant was their lessee "under a verbal month to month lease for a monthly rental of Three Hundred Fifty Dollars per month payable monthly".

They alleged that, "desiring to obtain possession of said leased premises in order that possession of the same might be delivered under a lease·to another tenant," they had given the lessee written notice to vacate the property more than 10 days before the expiration of the month beginning July 1, 1944, and ending July 31, 1944; that the lessee had failed to comply with said notice to vacate, and that they desired, and were entitled to, the summary process provided by law to dispossess the tenant.

The proceeding was filed on August 15, 1944, and on the same day the court by written order commanded the lessee to show cause on the 23rd day of August, 1944, at 11:00 a.m. why judgment should not be rendered against it as prayed for and why.it should not be condemned to vacate the premises and why the petitioners should not be put in possession of said premises.

The tenant answered on August 23, admitting that it was the plaintiffs' tenant, but denied that it was the lessee of plaintiffs' premises under a month-to-month lease, and averred that it was the lessee of plaintiffs' premises "under a contract o˙ lease for a period of two [years] and four

months commencing on the first day of June, 1944, and expiring on the 30th day of September, 1946," and that "it is in possession of said leased premises under said contract of lease and has been in possession since the first day of June, 1944, and has fulfilled all of its obligations as lessee thereunder."

The case was heard and testimony adduced on August 23, 1944. After hearing the testimony, the court took the case under advisement and fixed it for argument for Friday, August 25, 1944, at 10:00 a.m. There was judgment in favor of the plaintiff landlords, ordering the tenant to deliver possession of the premises to the plaintiffs and decreeing that, upon defendant's failure to comply with this judgment "within 24 hours after its rendition, a writ of possession issue herein directing the civil sheriff for this parish to eject defendant from said premises and to put the plaintiffs in full possession thereof." The defendant appealed to this court.

The appellees filed a motion in this court to dismiss the appeal on the following ground:

"That the appeal was not taken nor was the bond filed within 24 hours after the rendition of the judgment granting possession of the premises to the plaintiffs herein, said judgment having been rendered prior to 11:00 o'clock a.m. on Friday, August 25, 1944, and the order of appeal being granted and signed at 12:15 o'clock p.m. on Saturday, August 26, 1944, the law requiring that the appeal be taken and the bond filed within 24 hours after the rendition of the judgment." ,

It is conceded that the defendant was entitled to an appeal to this court from the judgment rendered, and that under the law appeals must be taken in cases of this kind, and appeal bonds filed, within 24 hours from the time the judgment of eviction is announced. The only question involved here is whether the defendant perfected his appeal within the time prescribed by law.

The contention of counsel for appellees, as shown by his motion to dismiss the appeal, is that the appeal was not taken and perfected within the 24-hour period allowed by law. He alleged that the judgment was rendered prior to 11:00 a.m. on Friday, August 25, 1944, and that the order of appeal was granted and signed at 12:15 p.m. on Saturday, August 26, 1944.

This proceeding was brought under Sections 2155 (as amended), 2156, 2157, and 2158 of the Revised Statutes, which relate exclusively to the eviction of tenants by landlords. In the case of Audubon Hotel Co., Ltd., v. Braunig et al., 119 La. 1070, 44 So. 891, 892, which was a proceeding brought under the same sections of the Revised Statutes, this court said with reference to the delay allowed for appeals in such cases:

"It will be observed that there is no question of days, or parts of days, to be considered. The lawmaker deals with hours, and, unless it should appear that the 24 hours succeeding the rendition of the judgment include time during which the defendant could not appeal, we are of the opinion that, in order to suspend execution, the appeal must be taken within that time."

The appellees in their motion to dismiss this appeal deal with hours. They allege that the judgment was rendered prior to 11:00 a.m. on Friday, August 25, 1944, and that the order of appeal was granted and signed at 12:15 p.m. on Saturday, August 26th. If these allegations be true, the appeal was not taken in time. But, having made these allegations, the burden rested upon the appellees to prove them. This they have failed to do.

On August 28, 1944, the plaintiffs ruled the defendant to show cause why the order of appeal should not be recalled, set aside, and annulled, and why a writ of possession should not be immediately granted to plaintiffs commanding the Civil Sheriff of the Parish of Orleans forthwith to deliver to plaintiffs the full possession of the leased premises in accordance with law. Plaintiffs alleged in their application for the rule to show cause that "the order of appeal herein granted and signed at 12:15 p.m. on Saturday, August 26, 1944, was improvidently rendered and signed, the said order being more than 24 hours after the rendition of the judgment * * * said judgment having been rendered prior to 11:00 a.m. on Friday, August 25, 1944, and hence said order was too late and is null and void and of no force and effect." The rule was made returnable on August 31, 1944, at 11:00 a.m. This rule to vacate the order of appeal was discharged by the trial judge on August 31, but no testimony at all was adduced by counsel for the plaintiffs in support of their allegations that the appeal was not taken and perfected within the 24 hours immediately following

the rendition of the judgment. No witnesses were called.

There is in the record a transcript of what took place in open court on August 31, the day on which the rule was discharged. The record shows that there were colloquies between Mr. Cahn, counsel for defendant-appellant, and Mr. Hammett, counsel for plaintiffs-appellees, and colloquies between the trial judge and counsel. The trial judge stated that he had no definite recollection as to the hour at which the judgment was announced or the hour at which the order of appeal was granted by him. Counsel for appellees apparently tried to convince the trial judge that the judgment was announced prior to 11:00 a.m. on Friday, August 25, and that the order of appeal was granted after 1:00 o'clock on Saturday, August 26. But he failed to so convince the judge. Counsel's remarks to the judge, as recorded by the stenographer, clearly show that he himself had no definite recollection as to the exact time when the judgment was announced or the exact time of the granting of the appeal. He referred to the time at which the judgment was announced as "11:00 a.m. *approximately* on Friday, August 25." And speaking of the time at which the order of appeal was granted he referred to the order as having been "presented to your Honor and signed by him at *approximately* 12:15 p.m. Saturday, October 26." (Italics ours.)

When Mr. Hammett, counsel for plaintiffs-appellees, stated to the court that the order granting the appeal was signed by

the judge "approximately at 12:15 p.m. Saturday, August 26," Mr. Cahn, counsel for defendant-appellant, remarked, according to the record: "I would like to correct that." Later on, he stated that "The motion of appeal was signed about *12:00 o'clock* noon." The order granting the appeal is copied in the record. The appeal was taken, according to the recitals of the order, from a "judgment herein rendered on the 25th day of August, 1944," and the order granting the appeal was signed on August 26, the following day. There is nothing in this order or elsewhere in the record as to the exact hour at which the judgment was announced or the hour at which the appeal was granted. But, at page 23 of the record, the appeal bond is copied in full, and, an annotation appearing thereon reads as follows: "Filed August 26th, 1944—11:35 A.M."

We must assume that the order granting the appeal was signed and filed either simultaneously with the execution and filing of the appeal bond or before the bond was filed. It is not likely that the minute clerk or the stenographer erred in making the annotation that the bond was filed at 11:35 a.m.

The record as made up furnishes us no definite information as to the exact hour at which the judgment was announced or the hour at which the order of appeal was signed. There is therefore no basis on which to rest a conclusion that the appeal was not perfected in time.

For the reasons assigned, the motion to dismiss the appeal is denied.