JANVIER, Judge.
This matter is now before us on motion to dismiss the appeal taken by defendant.
Robert J. Newman and Morris W. Newman are the owners of a piece of real estate designated as No. 3801 General Taylor Street, in New Orleans.
In a rule for possession of the premises they aver that “heretofore they permitted Miss Nuncie Gumina,” the defendant in the rule for possession, to “temporarily” occupy the premises as an accommodation and by sufferance and without rent; that this was permitted so that the defendant might act. as a companion to Miss Catherine Cuddihy-“for whose temporary use and occupancy, the property was acquired by movers.” They further averred that Miss Cuddihy is unable to continue to occupy the premises and has been removed therefrom and that the “purposes of the occupancy of said' premises by Miss Nuncie Gumina (defendant) ceased.”
They also averred that in spite of arnica-' ble demand and “the legally required five days notice to vacate, in accordance with the provisions of the Revised Statutes 13:4911,” the defendant in rule refuses to vacate the premises.
*12 Defendant in rule was ordered to show cause why she should not vacate the premises. She filed an exception of no cause or right of action, which was overruled, and then filed an answer in which she averred that about seven years ago plaintiff, Robert Newman, entered into an agreement with defendant to live with and take care of Miss “Katie” Cuddihy who had been a member of plaintiff’s household for many years. She also avers that in accordance with the agreement she “has had the care and responsibility of Miss Cuddihy for approximately seven years * * during which time Miss Cuddihy “has been a complete invalid.” She also avers that Miss Cuddihy was seriously injured when she was struck by the colored nurse employed by one of the plaintiffs, Robert Newman, and that thereafter Miss’Cuddihy was removed to the home of Mr. Robert Newman, but that she, defendant in rule, has always been ready and willing to continue the care and assume the responsibility of Miss Cud-dihy.
After a trial on the merits there was judgment making the rule absolute and ordering defendant to vacate the premises. She has appealed suspensively.
Appellees moved to dismiss the appeal on either of two grounds: First, that the defendant and appellant did not file a special defense, supported by her oath, and second, that the defendant and appellant failed to give bond within the legal delays provided by law with good and sufficient surety for all such damages as the appellees may sustain.
The appellant has answered the motion to dismiss the appeal, averring that she did file a special defense and that s'he did give bond as required by law.
Appellees, in support of their motion to dismiss, assert that there can be no suspen-sive appeal in a matter of this kind unless the appellant “has filed a special defense” and “shall give bond * * * ” to indemnify the appellees “for all such damages as the appellees may sustain.” And they assert that the defense filed by respondent was not a special defense and that no proof in support thereof could be offered because it presented a contention that she was entitled for life to the usufruct of the property, and that this right had been granted her verbally and that no oral evidence in support of the claim to the usufruct of tbe property was admissible. They further contend that the bond as filed in support of the appeal was not signed by a surety able to respond and that it did not contain the sacramental statement that it was given to cover such damages as the appellees might sustain.
While the contentions are extensively presented in briefs filed on behalf of the parties, the contention of movers in rale is based on the erroneous conception that this is a rale for possession of premises filed by a landlord against the tenant under LSA-R.S. 13:4918, whereas, as a matter of fact, it is a rule for possession under what is termed as the Sharecroppers Statute, LSA-R.S. 13:4911.
In the rule itself movers aver that the occupancy by defendant was without rent and as an accommodation. Of course, as has been often held, where the ejectment proceeding is filed under LSA-R.S. 13 :4918 — in other words, where the relationship is that of landlord and tenant, there can be no suspensive appeal unless the two sacramental requirements are complied with. Audubon Hotel Co. v. Braunig, 119 La. 1070, 44 So. 891; Doullut v. Rush, 142 La. 443, 77 So. 110; Sunset Realty & Planting Co. v. Barrios, La.App., 192 So. 151; 21 T.L.R., “Landlord and Tenant: Summary Ejectment in Louisiana,” 256, at pages 269-270.
But there is no such requirement in LSA-R.S. 13:4911, and our conclusion is that, since there is no such requirement that a special defense must be made and that the bond must contain certain sacramental provisions, a suspensive appeal must always be permitted as in any other case. We so held in Godchaux Sugars, Inc., v. Ockman, La.App., 68 So.2d 206.
The section of the Revised Statutes which is applicable where the tenant-lessor relationship does exist, that is to say, where *13 "sharecroppers” are not involved finds its source in section 3, Act 284 of 1855, and it is in this statute that there is found the requirement of a special defense and the special provision in the bond.
On the other hand, LSA-R.S. 13:4911, which is involved where the landlord-tenant relationship does not exist, finds its source in section 1, Act 298 of 1938, and in this section there are no special requirements as to the nature of the defense or the wording of the bond in order to obtain a suspen-sive appeal.
Counsel for appellees asserts that even though the bond which has now been .filed may be adequate in that the surety is sufficiently solvent and in that the obligation of the surety is properly stated, nevertheless the appeal should be dismissed because the present bond is the third which was filed by appellant and counsel points out that it is provided in LSA-R.S. 13 :4572 that a party who furnishes a bond which is found to be defective either as -to form or substance or because of the insolvency or pecuniary insufficiency of the surety is given only one opportunity to correct the defect, whereas here the appellant attempted to take advantage of this opportunity twice.
It is true that the bond which was finally filed was the third bond but the section of the Revised Statutes on which ap-pellees rely does not prevent this 'unless there has been a judicial holding that one of the earlier bonds was defective. After such a holding there may be only one attempt to correct the defect. However, here the first supplemental bond was filed voluntarily by the appellant without a holding that the first bond was defective. When the second bond was attacked, it was held to be defective in a judgment rendered on March 26, 1954, and the third bond was filed on that same day, so that, as a matter of fact, there was only one judgment finding the bond defective and the corrected bond was' filed within the four days granted by LSA-R.S. 13:4573.
Our conclusion on the whole is that the motion to dismiss the appeal is not well founded. Accordingly, the motion to dismiss the appeal is overruled at the cost of appellees.
Motion to dismiss overruled.