JANVIER, Judge.
This matter comes before us on motion to dismiss the appeal.
Originally when the motion was filed in the Supreme Court there were two grounds on which the dismissal was sought; first, that the Supreme Court lacked jurisdiction since the amount in dispute — there being no amount' — did not exceed $2,000. This contention, if it originally had merit, is now moot since the transfer of the case to this Court by the Supreme Court has become effective as a result of the constitutional amendment, Act 593 of I960.'
The second ground on which the dismissal of the suspensive appeal is prayed for is that the answer filed by the defendant-appellant in the suit in which the plaintiff, her husband,, sought to evict her from the matrimonial domicile is not supported by her oath purporting to present a special defense and that verification by her attorney does not comply with the requirements of LSA-R.S. 13:4924.
By this section of the Revised Statutes it is provided that in a matter in which the judgment orders the eviction of a tenant no appeal “ * * * shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain the possession of the premises * *
This is not a proceeding against a “tenant” as is contemplated by LSA-R.S. 13 :- 4918, but is a proceeding brought expressly under the provisions of LSA-R;S. 13:4911, the so-called Sharecroppers Act which controls an eviction proceeding where the occupant is other than a tenant or a lessee. In such a proceeding under LSA-R.S. 13:4911 the right to a suspensive appeal is not made to depend upon compliance with LSA-R.S. 13:4924. We discussed this at length in Newman v. Gumina, 72 So.2d 11, 12. We said:
“In the rule itself movers aver that the occupancy by defendant was without rent and as an accommodation. Of course, as has been often' held, where the ejectment proceeding is filed under LSA-R.S. 13:4818 — in other words, where the relationship is that of landlord and tenant, there can be no suspen-sive appeal unless the two sacramental requirements are complied with. Audubon Hotel Co. v. Braunig, 119 La. 1070, 44 So. 891; Doullut v. Rush, 142 La. 443, 77 So. 110; Sunset Realty & Planting Co. v. Barrios, La.App., 192 So. 151; 21 T.L.R. ‘Landlord and Tenant: *785 Summary Ej ectnient in Louisiana,’ 256, at pages 269-270.
“But there is no such requirement in LSA-R.S. 13:4911, and our conclusion is that, since there is no such requirement that a special defense must be made and that the bond must contain sacramental provisions, a suspensive appeal must always be permitted as in any other case. We so held in Godchaux Sugars, Inc. v. Ockman, La.App., 68 So.2d 206.”
The motion to dismiss the appeal is overruled.
Motion denied.